**James Harold RAKE, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 18, 1971.

James Harold Rake, pro se.

John B. Breckinridge, Atty. Gen., James B. Wooten, Asst. Atty. Gen., Frankfort, for appellee.

NEIKIRK, Judge.

James Harold Rake was convicted of storehouse breaking and sentenced to five years in the penitentiary. He was represented by appointed counsel. The trial court overruled his motion for a new trial. Notice of appeal was filed, and Rake was permitted to proceed in forma pauperis. Following this, the entire record was filed in this court and counsel for Rake filed briefs. The Commonwealth filed a motion to dismiss the appeal as the notice of appeal was not timely. This court sustained the motion and entered an order dismissing the appeal.

Following the dismissal of his appeal, Rake filed a motion to vacate judgment pursuant to RCr 11.42. He alleged ineffective assistance of counsel and a denial of his right to a direct appeal. He sought a belated appeal to this court, pointing out

that his counsel had not perfected a timely direct appeal in his behalf.

The trial court overruled the motion to vacate the judgment, asserting that this court had foreclosed the jurisdiction of the trial court to reinstate the cause and grant a belated appeal, pointing out that whatever rights Rake might have in the matter were within the exclusive jurisdiction of this court. Rake appeals.

The Commonwealth concedes that the appellant is entitled to a reversal and remand for hearing on the specific point of deprivation of the right to a direct appeal. Rodriquez v. United States, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340, and Stinnett v. Commonwealth, Ky., 446 S.W.2d 292. The Commonwealth suggests that we should, by order, either reinstate the original appeal or reverse the order of the trial court denying appellant RCr 11.42 relief, and remand the case to the trial court for an evidentiary hearing on the question of denial of a direct appeal. We have decided that without following the suggested procedure we can do full justice to the appellant's claims and at the same time meet the admission of the Commonwealth that appellant is entitled to full consideration of his original appeal.

We have the benefit of the entire record and proceedings in this case and briefs of appellant's counsel, as all of these have been previously filed with the court.

We said in Polsgrove v. Commonwealth, Ky., 439 S.W.2d 776:

"Appellate review is a matter of grace and not a matter of right; in criminal cases it is not a constitutional right. However, when a statute authorizes a direct appeal as a matter of right, an indigent defendant must be afforded the same opportunity as any other defendant to exercise this right. * * *"

█ This court did not err in dismissing appellant's direct appeal pursuant to RCr 12.54, but under all the circumstances of this case we are constrained to pass on the merits of the attempted appeal, as argued in the brief submitted on that appeal, the same as if the case were here on direct appeal.

It is not necessary in this opinion to detail the evidence. Suffice it to say that the jury found appellant guilty. Appellant would have us reverse his conviction and grant him a new trial on the ground that he was denied a fair trial due to violation by the Commonwealth's attorney of an alleged agreement with appellant's counsel that if the appellant would enter a guilty plea the Commonwealth's attorney would recommend that the jury fix punishment at one year in the state penitentiary. Appellant further claims that the trial court erred in not granting him a continuance.

█ We shall first discuss the matter of a continuance. We have searched the record and we do not find that appellant made a motion that his trial be continued. When the trial court ruled on appellant's motion and grounds for a new trial, the court said: "There was never any motion before me to continue the case." Appellant's contention that he should have been granted a continuance is without merit.

█ The trial court granted appellant a complete and full hearing on his motion and grounds for a new trial. Fortunately, we have in the record the benefit of all that was said or done at this hearing. Counsel for appellant gave a detailed account of what he understood to be an agreement made by the Commonwealth to accept appellant's plea of guilty and recommend one year in the penitentiary. The trial judge, however, in overruling appellant's motion and grounds for a new trial, recited his own recollection of the facts relating to the alleged agreement and stated in part:

"On the morning of the trial, on Friday morning, this matter came up and again there was no agreement * * *."

Thus, the trial court found as a fact that there was no agreement such as was claimed, and this finding is controlling since it has not been shown to be clearly erroneous.

Appellant had the benefit of two attorneys. They ably represented appellant at his trial and in briefing the attempted appeal. We agree with the trial court when it said that the appointed counsel "did all that anybody could do for him."

Since we have given the attempted appeal the same consideration as a valid appeal and have found no ground for reversal of the judgment of conviction, there is no reason for us to reverse the order overruling appellant's RCr 11.42 motion.

The order is affirmed.

All concur.