**John Leroy DELACEY, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 16, 1973.

As Modified on Denial of Rehearing May 4, 1973.

Joseph R. Flaherty, Cooper, Flaherty & Bamberger, Owensboro, for appellant.

Ed W. Hancock, Atty. Gen., Robert W. Willmott, Jr., Asst. Atty. Gen., Frankfort, for appellee.

STEPHENSON, Justice.

John Delacey was charged in Daviess Circuit Court with (1) possession of dangerous drugs for sale or disposal to another, (2) carrying concealed a deadly weapon, and (3) flourishing a deadly weapon. A jury, finding him guilty of charges one and two, imposed a penalty of five-years' imprisonment and a $5,000 fine on the charge of possession of dangerous drugs for sale or disposal to another and a penalty of five-years' imprisonment on the charge of carrying concealed a deadly weapon. (The jury could not agree on the verdict on charge three.) Judgment entered by the trial court ordered that the two five-year sentences be served consecutively.

Delacey appeals, asserting that the trial court erred (1) in denying a request for continuance of the trial and denying Delacey's request to read the supporting affidavits of absent witnesses, (2) by not granting Delacey's motion for the sentences to run concurrently, and (3) in overruling Delacey's motion to suppress the evidence obtained by a search of the suitcase mentioned in the evidence.

On the night of October 6, 1971, Officer Long of the Owensboro Police Department stopped an automobile because of a noisy muffler. There were four people in the automobile. One of them, the appellant Delacey, was seated in the back seat with a suitcase between his legs. Abel, the driver, and Steele, also a passenger in the car, were later indicted separately for possession of dangerous drugs for sale. The identity of the fourth occupant of the car is unknown. There was some discussion between Officer Long and Abel about the muffler, and something was said about the suitcase between Delacey's legs. Officer Long asked permission to inspect the trunk of the car, and Abel assented. After the officer looked in the trunk, he proceeded to the other side of the car. At this time, Delacey leaped from the car, suitcase in hand, and ran down the street; Officer Long pursued. Less than one-half block away, Officer Long, according to his testimony, fired a warning shot over Delacey's head after observing Delacey pulling a pistol from his pocket. After a shouted warning by Officer Long and another warning shot over his head, Delacey dropped the suitcase, tossed the pistol to one side and surrendered. Officer Long placed Delacey under arrest, picked up the pistol and suitcase, and returned to the automobile where Abel was waiting alone, the other occupants of the car having departed. At this time, Officer Long opened the suitcase and found 14,500 methamphetamine tablets (classified as a dangerous drug, KRS 217.725). At the trial, Delacey denied that the suitcase was his or that he knew its contents. He claimed the suitcase and drugs belonged to Abel.

Prior to the trial, Abel and Steele's indictments were consolidated with Delacey's. Abel and Steele were absent on the date of the trial. Delacey moved for a continuance pursuant to RCr 9.04, contending that Abel and Steele were absent witnesses, and filed affidavits narrating their evidence, which was to the effect that the suitcase and drugs belonged to Abel. The trial court denied the motion for continuance and refused to permit the affidavits to be read to the jury.

■ The motion for continuance recited that "the defendant has used due diligence in issuing process to Steve Abel and Deryl Steele". That statement referred to a subpoena which was issued sometime on Friday, May 5, 1972, for the appearances of Abel and Steele at the trial scheduled for 9:00 a. m. on Monday, May 8, 1972. The subpoena listed no address for Steele. That subpoena was returned by the sheriff on the 8th day of May, 1972, showing that neither Steele nor Abel were found in Daviess County. The affidavits did not show if Abel and Steele were within the jurisdiction of the court so as to be amenable to process. A mere recitation that "defendant used due diligence" is a conclusion and does not satisfy the requirements of RCr 9.04. The affidavit or the record must reflect that reasonable steps have been taken to procure the attendance of the desired witnesses. There is no such indication here. Counsel for appellant states in his brief that Abel and Steele had been released on bail and that he expected them to appear. The record filed in this court does not reveal that fact. Further, the affidavits did not state that the affiant believed the facts contained in the affidavit to be true, again failing to comply with an essential requirement of RCr 9.04. Cf. Bagby v. Commonwealth, Ky., 424 S.W.2d 119 (1968).

The affidavits were insufficient; therefore, the Commonwealth was not required to consent to their being read to the jury in order to avoid a continuance, and the denial of the postponement was proper.

■■ The question of whether sentences shall run consecutively or concurrently is a matter within the discretion of the trial court. McBride v. Commonwealth, Ky., 432 S.W.2d 410 (1968). There is no showing that the trial court abused its discretion; therefore, we find no error in the trial court's ruling.

Delacey's contention that the search of the suitcase constituted illegal search and seizure, prohibited by the Constitution, apparently is based on the premise that the arrest was unlawful.

■ Delacey admits he had a .25-caliber automatic in his pocket but testified that he pulled it out and tossed it to one side when he surrendered. He testified that he was afraid if he was caught with the automatic there would "be a charge against me." That Officer Long had the right to, and did, make a lawful arrest is abundantly clear in view of the circumstances of this case. The suitcase was under Delacey's immediate control, and its search, which was incident to a lawful arrest, was reasonable and was not prohibited by the Constitution. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685.

The judgment is affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.