Larry Russell BERNING, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Supreme Court of Kentucky.

April 22, 1977.

Rehearing Denied June 10, 1977.

Jack E. Farley, Public Defender, Timothy
T. Riddell, Asst. Public Defender, Frank-
fort, for appellant.

Robert F. Stephens, Atty. Gen., Patrick B. Kimberlin, III, Asst. Atty. Gen., Frankfort, for appellee.

STERNBERG, Justice.

On January 20, 1974, appellant broke into the Fifth Street Market in Henderson, Kentucky, and on February 12, 1974, he was indicted by the Henderson County Grand Jury for the offense of breaking and entering a storehouse (KRS 433.190—Indictment No. 74–13). On August 24, 1974, appellant broke into the Sears Roebuck & Co. store, in Henderson, and engaged in the exchange of gunfire with police before being apprehended. On September 9, 1974, he was again indicted by the Henderson County Grand Jury for the offense of breaking into the Sears store (KRS 433.190), malicious shooting with intent to kill (KRS 435.170(1)), and of being a habitual criminal (KRS 431.190—Indictment No. 74–95). The indictments were consolidated for trial, and on November 22, 1974, appellant, who testified in his own behalf, was found guilty.

On appeal to this court appellant's conviction on Indictment No. 74–95 was reversed in a memorandum opinion and the case sent back to the Henderson Circuit Court for a new trial. The judgment on Indictment No. 74–13 was affirmed.

On April 1, 1976, appellant was retried on Indictment No. 74–95. The jury found that appellant had been convicted of two prior felonies, and found him guilty of storehouse breaking and guilty of malicious shooting with intent to kill. His sentences were fixed at life imprisonment on each of the primary offenses, as authorized by his two prior felony convictions. His sole and only defense was mental disease or defect. It is his contention that because of his personality, family background and consumption of alcoholic beverages, he acted from a diminished capacity at the time he broke into the Sears store.

To establish the two prior convictions (Indictment Nos. 73–08 and 73–28) and their sequence in time, the Commonwealth called two witnesses—the circuit clerk and a deputy sheriff. The clerk testified that Indictment No. 73–08 charged that the commission of the offense was on January 18, 1973, and that a judgment finding appellant guilty was entered on March 16, 1973. Concerning Indictment No. 73–28, the clerk attempted to read to the jury the specific charges made in that indictment. Objection was duly made by appellant's counsel, sustained by the trial court, and the jury was duly admonished. However, shortly thereafter, the court, over objection, permitted the clerk to read to the jury the indictment that charged appellant with breaking and entering the Kraver Theater, the Pizza Roma restaurant, the city high school and the Seven Arts Cinema, all in Henderson. Over objection by counsel for appellant, the court permitted the deputy sheriff, Hugh Stone, to testify how and when he investigated these four break-ins. No explanation is made, nor any reason shown, why appellant's prior convictions and the dates of the commission of the offenses were not established by having the circuit clerk read so much of the indictment as discloses the dates and by reading into the evidence the entry of the judgments as he had done when the Commonwealth established the conviction under Indictment No. 73–08.

On this appeal appellant charges three errors, as follows:

"1. Did the court below err to appellant's substantial prejudice during his trial for being a habitual criminal when it allowed the Commonwealth to read and to use the indictment upon which the prior felony convictions were had?

2. Did the court below commit an error of reversible magnitude when its instructions failed to authorize the jury to return a verdict on the habitual criminal charge based on only one prior felony?

3. Did the court below deprive appellant of due process of law when it allowed the jury to convict appellant of two counts of being a habitual criminal under an indictment which

charged appellant with only one count of being a habitual criminal?"

■ On the first charge the Attorney General admits that the trial judge erred in permitting the indictments upon which appellant's prior felony convictions were had to be read to the jury. He argues, however, that these errors did not substantially prejudice the appellant's right to a fair trial. The right to a fair trial does not mean a perfect trial, free of any and all errors. *Michigan v. Tucker,* 417 U.S. 433, 94 S.Ct. 2357, 41 L.Ed.2d 182 (1974). What it does mean is " * * * that a litigant is entitled to at least one tolerably fair trial of his action." *Neely v. Strong,* 186 Ky. 540, 217 S.W. 898 (1920); *Hudson v. Commonwealth,* 220 Ky. 582, 295 S.W. 886 (1927). There was no need for the clerk to read the nature of the charges in Indictment No. 73–28, nor was it proper for the deputy sheriff to portray before the jury the investigation which he made which led to the arrest and conviction of appellant on that indictment. All that was necessary for the Commonwealth to do was to show the dates the former offenses were committed, which can be established from the indictment, and that there was a judgment of conviction, which can be shown by the judgment or order book of the court. All of the rest of this charade was unnecessary and was clearly improper. This error, however, did not affect the action of the jury in considering appellant's guilt or innocence of the two principal offenses. It was, however, prejudicial to the nature or extent of the penalty that could be imposed upon a finding that the appellant was guilty of one or two prior felonies.

■ Next, appellant charges error in the court's instructions to the jury. At first blush it may appear that there was error, perhaps technically there was, but, if so, it was not prejudicial to appellant. The indictment upon which appellant was tried charged two felonies and the habitual criminal penalty charge. The court, in the instructions for the primary offense of storehouse breaking, not only instructed on the principal offense but instructed on both one and two prior felony convictions. On the principal offense of willfully and maliciously shooting, the court only instructed on the principal offense and on two prior felony convictions. Although requested to by counsel for appellant, the court did not instruct in this instance on one prior felony conviction. It has long been established that both the one and two prior felony convictions must be the subject of an instruction, separate and apart from the principal offense. This is clearly delineated in *Satterly v. Commonwealth,* Ky., 437 S.W.2d 929 (1969). We need not, however, pass on the issue of whether a habitual criminal instruction must be given with each principal offense where multiple felonies are charged in a single indictment, because appellant has not demonstrated any damage or prejudice, notwithstanding the court adjudged that the two life sentences run consecutively. Appellant's conviction carried two jury sentences of life. The complained of error is only directed at the action of the court where the principal charge is willfully and maliciously shooting, that being the one imposed where no instruction was given for one prior felony conviction. No complaint is made to the instructions of the court where the principal offense was storehouse breaking.

Assuming, for the sake of argument only, that appellant is correct and that he was entitled to an instruction on one prior conviction as related to the principal offense of willfully and maliciously shooting, he was also charged, convicted and sentenced upon the offense of storehouse breaking, and his punishment fixed at life imprisonment pursuant to instructions about which no complaint has been made.

As has been gloriously stated, "I regret that I have only one life to give for my country." So be it with the appellant—he has only one life for which he can be sentenced, whether he has one or multiple sentences of life imprisonment. As far as being prejudiced by the action of the court in imposing two life sentences to run consecutively, KRS 197.045(2) protects him from

**564**

losing parole and expiration of sentence benefits. This statute provides:

KRS 197.045(2)—"When two (2) or more consecutive sentences are to be served, the several sentences shall be merged and served in the aggregate for the purposes of the good time credit computation or in computing dates of expiration of sentence."

Not only do all of the multiple life sentences run concurrently, but the appellant, by statute, is eligible for parole as if only one life sentence had been imposed.

■ In the third issue the appellant attacks the verdict of the jury and the judgment of the court imposing two life sentences where only one habitual criminal charge was made in the indictment. It has been called to our attention by the Attorney General that the alleged error has not been preserved for appellate review. However, since this case is being returned to the trial court, we deem it proper to dispose of this issue at this time.

In *Wingo v. Ringo,* Ky., 408 S.W.2d 469 (1966), we said:

"The fallacy in the opinion of the Lyon Circuit Court lies in its conclusion that only as to *one* subsequent felony can the punishment be enhanced by reason of previous felony convictions. Our cases make it clear that the enhancement validly is applicable to *every* subsequent felony. * * *"

■ Suffice it is to say, therefore, that it is not necessary in an indictment to charge facts constituting a basis for the imposition of the habitual criminal penalty for each primary offense constituting separate counts of an indictment. One properly pleaded charge of being a habitual criminal is sufficient for an indictment containing multiple charges. This is not to say, however, that a habitual criminal instruction cannot properly be given as a part of the instruction on each principal offense.

All facts giving rise to this action occurred prior to the effective date of the Penal Code (1/1/75). Consequently, all statutory references are to the statutes as they existed prior thereto.

The appellant was properly found guilty of both storehouse breaking and maliciously shooting with intent to kill. It now becomes necessary to have a jury fix the sentence.

The judgment is reversed with directions for the appellant to be tried again solely on the question of the extent of his punishment.

All concur.