William Eugene ROBINSON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

William C. ROBINSON (Deceased) and Robert Robinson, Appellants,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

April 7, 1978.

Rehearing Denied June 9, 1978.

Discretionary Review Denied June 27 and Nov. 14, 1978.

Jack Emory Farley, Public Defender, Commonwealth of Kentucky, Linda K. West, Asst. Public Defender, Frankfort, for appellant, William Eugene Robinson.

Jack Emory Farley, Public Defender, Commonwealth of Kentucky, Edward C. Monahan, Asst. Public Defender, Frankfort, for appellants, William C. and Robert Robinson.

Robert F. Stephens, Atty. Gen., B. F. Radmacher, III, Rickie L. Pearson, Asst. Attys. Gen., Frankfort, for appellee.

Before HAYES, HOGGE and REYNOLDS, JJ.

HAYES, Judge.

William C. Robinson and his two sons, William Eugene and Robert, were jointly indicted for third degree burglary (KRS 511.040) and two counts of knowingly receiving stolen property (KRS 514.110). Robert was additionally indicted as a persistent felony offender (KRS 532.080). William C. was convicted of one count of know-

ingly receiving stolen property and was sentenced to five (5) years in the penitentiary. William E. was convicted of the third degree burglary and both counts of knowingly receiving stolen property and he was sentenced to five (5) years on all three counts. Robert was convicted on one count of knowingly receiving stolen property and as being a persistent felon. The Robinson family appeal their convictions claiming numerous (10) grounds upon which the trial court committed reversible error.

The home of Reverend Rick Kirchoff was burglarized on February 20, 1977, and various items of jewelry were stolen. The Eagles Club was burglarized on February 23, 1977, and one guitar belonging to Monty Gleason was stolen. The home of Sidney Fulton was broken into on March 9, 1977, and coins and jewelry were stolen. The appellants were arrested on March 10, 1977, in an automobile owned by William C. and driven by Robert. William E. was a passenger.

Police officers testified that, when arrested, Robert had a pocket full of watches and coins. William C. permitted a search of the automobile where various items of jewelry were found. Gleason's guitar was also found in the trunk.

Upon arraignment after indictment, all three appellants were represented by the Public Defender of McCracken County. The only witness for the defense at trial was William E. He admitted to the burglary of the Fulton house and to both counts of knowingly receiving stolen property. He denied that William C. and Robert had anything to do with any of the crimes. He additionally admitted to breaking into the Kirchoff home and the Eagles Club. He used his father's automobile. On cross-examination, William E. was asked this question and gave this answer:

Q. You're just taking the rap for these guys too, aren't you?

A. Yes, sir.

William Eugene admitted he had been out of prison about six weeks when he went on his crime spree. He had been incarcerated for car theft.

The alleged errors are as follows: (1) Appellants were denied effective assistance of counsel since all three had the same attorney and he had a conflict of interest; (2) the proof on the knowingly receiving stolen property charges was insufficient as to the value of the property and as to the appellants' knowledge that the property was stolen; (3) improper comments were made on the refusal of William C. and Robert to testify; (4) the prosecutor's closing statement to the jury was unfairly prejudicial; (5) appellant Robert Robinson was unfairly prejudiced by the reading of the information of his prior felony conviction into evidence; (6) the prosecutor wrongly impeached a witness; (7) the presumption of knowledge from the fact of possession of stolen property as provided by KRS 514.-110(2) violates the 5th Amendment right to remain silent; (8) appellants' 6th Amendment right to counsel was violated; (9) the cumulative effect of all errors deprived the appellants of a fair trial; and, (10) the trial court did not follow the mandate of KRS 532.050 in sentencing the appellants.

 Most of the alleged errors (1, 2, 3, 6, 8, and 9) upon which the Robinsons rely for reversal are being raised for the first time on appeal. None were brought to the attention of the trial court and have not been preserved for appellate review. This court will not consider errors raised for the first time on appeal. *Eversole v. Commonwealth,* Ky., 550 S.W.2d 513 (1977) and *Meadows v. Commonwealth,* Ky., 550 S.W.2d 511 (1977). However, we do state that the better practice would have been to appoint separate counsel for the defendants. It is now required under the Rules of Criminal Procedure, effective January 1, 1978, RCr 8.30.

 The prosecutor, in his closing argument to the jury, classified the appellants as a "den of thieves". No objection was entered by defense counsel, so error, if any, has not been preserved. Defense counsel did object to this same type comment by the prosecutor during his closing statement on the bifurcated persistent felony trial of

Robert Robinson. Therefore, the statement made by the prosecutor at this point would only apply to Robert. William C. and William E. could have no complaint. In view of all the felonies enumerated in the record that Robert had been involved in, we believe he has no justifiable complaint either. Besides, the trial court did admonish the jury not to consider the prosecutor's statement. The jury assessed a penalty of fifteen (15) years for Robert. The verdict could have been twenty (20) years.

■ The prosecutor called as a witness, in the persistent felony trial of Robert Robinson, the Circuit Court Clerk of Massac County, Illinois. The clerk testified he knew Robert and proceeded to read the certified records of the Massac County, Illinois Circuit Court. He read the entire "judgment and sentence" which indicated Robert had been accused of crimes other than the one (burglary) he plead guilty to. However, the clerk's record further indicated all other charges were dismissed at the request of the Illinois State's Attorney.

Appellant Robert Robinson cites *Berning v. Commonwealth*, Ky., 550 S.W.2d 561 (1977) as authority for reversal due to the circuit clerk's reading of the above information to the jury. *Berning* was a pre-penal code case. The present law, KRS 532.080, requires a great deal more proof than the former law contained in KRS 431.190. Under the facts of this case, we do not feel any prejudice resulted to Robert, even though there may have been a better procedure utilized by the prosecutor. In any case, there was no objection entered by the defense as to the manner in which this proof was introduced or to its contents.

■ We come to the last allegation of reversible error made by the public defender on behalf of the Robinsons. It is stated that the presumption provided by KRS 514.110(2), that possession of recently stolen property is prima facie evidence the possessor knows it is stolen, is unconstitutional, because it violates a defendant's 5th Amendment right to remain silent. The reasoning is that once evidence is introduced placing him in possession of the stolen goods, the defendant is compelled to testify to rebut the presumption that arises. The Public Defender and the Attorney General cite *Barnes v. U. S.*, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1972) as authority for their positions. As we read *Barnes*, it holds that the inference or presumption in knowingly receiving type cases does not violate any of defendant's constitutional rights. The presumption is a rebuttable one and in no way relieves the jury from being the fact finder and giving whatever weight it wishes to the evidence. It may completely disbelieve the evidence creating the presumption. The burden of proof in no way shifts to the defense. The commonwealth must still prove its case beyond a reasonable doubt to the satisfaction of the jury. The statutory presumption is not unconstitutional. See *Hem v. United States*, 268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904 (1925) and *Patterson v. Commonwealth*, Ky. App., 556 S.W.2d 909 (1977).

Both parties agree the cases should be remanded to the trial court for compliance with the provisions of KRS 532.050 unless the judgments are amended pursuant to RCr 10.10. It is so ordered.

■ During the pendency of the appeal by William C. Robinson, he died. The public defender, on behalf of William C., has moved that his appeal be dismissed; that the final judgment of the trial court as to William C. be vacated and that his indictment be dismissed. Our attention is directed to *United States v. Toney*, 527 F.2d 716 (6th Cir. 1975). Having found no error by the trial court in the trial of William C. Robinson, we nevertheless dismiss his appeal and vacate the judgment of the trial court as to this defendant only. This defendant's case is remanded to the circuit court for further proceedings in accordance with *Toney, id.,* and *Durham v. United States,* 401 U.S. 481, 91 S.Ct. 858, 28 L.Ed.2d 200 (1971). Otherwise, the judgments of conviction as to William E. and Robert Robinson are affirmed.

All concur.