**Larry Russell BERNING, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

May 2, 1978.

Jack E. Farley, Public Defender, Timothy T. Riddell, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Patrick B. Kimberlin, III, Asst. Atty. Gen., Frankfort, for appellee.

STERNBERG, Justice.

This is appellant's third visit to this court. His journeys commenced with an appeal from a November 22, 1974, conviction of being a habitual criminal. Appellant traveled over a rough and rugged road. In each of his two prior appeals he convinced this court that the trial court erred to his prejudice. In the present appeal counsel for appellant, in attempting to stretch the cloak of innocence around his client, has justly and rightly come out second best.

On January 20, 1974, the appellant broke into the Fifth Street Market in Henderson, Kentucky, and on February 12, 1974, he was indicted by the Henderson County Grand Jury for the offense of breaking and entering. On August 24, 1974, the appellant broke into the Sears Roebuck & Co. store, in Henderson, and engaged in an exchange of gunfire with the police before being apprehended. On September 9, 1974, he was indicted by the grand jury for the offense of breaking and entering into the Sears store, malicious shooting with intent to kill, and of being a habitual criminal. The indictments were consolidated for trial, and on November 22, 1974, the appellant, who testified in his own behalf, was found guilty.

On appeal to this court the conviction on the habitual-criminal charge was reversed in a memorandum opinion and the case

remanded to the Henderson Circuit Court for a new trial on that issue only. (The memorandum opinion reversed the case on the grounds of insufficient evidence.) On April 1, 1976, the appellant was tried and was found guilty of being a habitual criminal. Appellant sought relief from that conviction, and again this court, in *Berning v. Commonwealth*, Ky., 550 S.W.2d 561 (1977), reversed and remanded the proceedings for a new trial, again on the habitual-criminal charge only.

On August 19, 1977, in compliance with the mandate of this court, the appellant was afforded a new trial on the habitual-criminal charge and subsequently was convicted. The appeal now before this court results from the appellant's latest conviction on that offense. The appellant contends that the same type of error which required this court to reverse the trial court in *Berning v. Commonwealth*, supra, again was committed upon the retrial of the case and that therefore reversal is necessitated.

The sole issue to be determined on this appeal is:

"Did the court below err to appellant's substantial prejudice during his trial for being a habitual criminal when it allowed the Commonwealth to disclose to the jury and to use the nature of the charges in the indictment upon which the prior felony convictions were had?"

To determine that issue, we need only review the facts in *Berning v. Commonwealth*, supra, and apply the existing law as elucidated in that case to the facts in the present case.

At appellant's second trial on the habitual-criminal charge, the trial court allowed the Commonwealth to introduce certain prejudicial evidence, notwithstanding the timely objections of Berning's counsel. Specifically, the circuit court clerk was allowed to testify concerning the nature of the prior felony convictions, and a deputy sheriff was permitted to describe in some detail the investigatory procedures and findings which ultimately resulted in the convictions of appellant. We held:

"* * * There was no need for the clerk to read the nature of the charges in Indictment No. 73–28, nor was it proper for the deputy sheriff to portray before the jury the investigation which he made which led to the arrest and conviction of appellant on that indictment. All that was necessary for the Commonwealth to do was to show the dates the former offenses were committed, which can be established from the indictment, and that there was a judgment of conviction, which can be shown by the judgment or order book of the court. * * * "

When the facts in the present action are gleaned from the record and compared with the facts in the former case, it becomes apparent that there are certain distinguishing characteristics. First, the deputy sheriff who testified in the former trial did not testify at the trial which gave rise to this appeal. Secondly, the information and investigative proceedings formerly described by the deputy sheriff were not brought out. Thirdly, the references by the circuit court clerk to the nature of the prior felony convictions were fleeting and were utilized only for purposes of differentiating between the various felonies. That is, the logical import of the record shows that the references to the generic names of the prior felony convictions were made solely to identify the prior offenses.

Our opinion in *Berning* should not be interpreted to prohibit an allusion to the nature of a crime when such a reference is made solely to facilitate an adequate understanding of the proceedings by the jury. On the other hand, our opinion should be interpreted to condemn references to the nature of a crime in a habitual-criminal prosecution when the cumulative effect of such references is calculated to, or likely to prejudice the jury, thereby rendering the proceeding devoid of the basic quality of fairness.

In the former proceeding the cumulative effect of the evidence before the jury required reversal; in the instant case the cumulative effect of the evidence does not

render the proceeding in the trial court unfair.

The judgment is affirmed.

All concur.