John L. WILHITE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Supreme Court of Kentucky.

Nov. 21, 1978.

Jack E. Farley, Public Advocate, Kevin M. McNally, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Reid C. James, Asst. Atty. Gen., Frankfort, for appellee.

STERNBERG, Justice.

The appellant, John L. Wilhite, was convicted in the Fayette Circuit Court for the offense of first-degree rape (KRS 510.040) and first-degree burglary of the victim's apartment (KRS 511.020). The jury ordered him to serve a term of 20 years in prison for rape and 10 years for burglary. In the second phase of the bifurcated proceeding, the jury found the appellant to be a persistent felony offender in the second degree and fixed his punishment at confinement in the penitentiary for a period of 20 years on each of the two charges. Thereupon, the trial court sentenced him to serve the more severe penalty of 20 years on each count and ordered the sentences to run consecutively. This had the effect of changing the penalty on the burglary conviction only (10 to 20 years), since the penalty fixed by the jury on his conviction for rape was already 20 years.

The victim testified that on September 3, 1977, at approximately 6:45 a. m., she was awakened from her sleep when she suddenly felt something in bed with her. She awoke to find a man holding a knife to her

throat. The assailant told her to be quiet and not to look at him. He then placed a pillow over her head and proceeded to rape her. The assailant had personal, physical difficulty in achieving the rape, but after doing so he left the premises. The victim further testified that some money was missing from her purse and that she found her bathroom door open, although it was closed when she went to bed. The victim was unable to make a positive identification of the appellant as her assailant; however, she did notice that he was a short, young, black man, with an afro haircut. The victim identified the voice of the appellant at the preliminary hearing as that of her assailant.

The appellant was interrogated by Officer David Shade by a question-and-answer method. The questions and answers were transcribed and then discussed with the appellant, who endorsed and signed the statement. This statement was read into evidence by Officer Shade. In it the appellant stated that he was at home at the time the rape was supposed to have been committed and that he had not had intercourse for several months by reason of physical difficulties.

Other testimony for the Commonwealth revealed that fingerprints found in the victim's bathroom matched those of the appellant, that pubic hair found on the victim's bedsheets was similar in color and microscopic characteristics to those of the appellant, and that semen was found on the victim's nightgown and in her vaginal tract.

Steven McClanahan, a serologist at the State Police Crime Laboratory, testified that appellant's saliva demonstrated that he was a non-secreter, i. e., that appellant's ABO blood-type factor did not appear in his saliva, and that an examination of the semen stains on the victim's bedsheets and nightgown indicated that they were made by a non-secreter. Semen taken from the victim on vaginal swabs indicated a lack of ABO blood-type factor.

The appellant produced two witnesses in support of his alibi defense. Catherine Hale testified that she was with the appellant on the evening of September 2, 1977, and left his house at 2:00 a. m. on September 3. Lucian Wilhite, the appellant's brother, testified that when he left for work on the night of September 2, the appellant was at home and that he was still there when he returned home from work at 7:15 a. m. the following morning.

The appellant presents five grounds for error. Initially, he argues that he was denied his due process right to a fair trial.

■ On September 7, 1977, the appellant was arrested and taken to police headquarters. After being advised of his constitutional rights, he made a lengthy question-and-answer form of statement to Officer David Shade, in which he denied any participation in, or knowledge of, the charged offense or the victim. Without objection by appellant's trial counsel, Officer Shade was permitted to read to the jury the entire statement. The appellant contends that this statement was irrelevant, hearsay, used to prejudicially mislead the jury, and its admission was not justified as a confession, as an admission, for impeachment purposes, or, as a matter of fact, for any purpose whatsoever. However, no objection having been made to its use, the issue was not preserved for appellate review. *Bowers v. Commonwealth*, Ky., 555 S.W.2d 241 (1977).

■ The appellant further charges that the trial court denied him his due process right of confrontation under the Sixth and Fourteenth Amendments to the United States Constitution in allowing the introduction of testimony regarding his hair comparison results, since appellant's hair was not available at the time of the trial.

By a pretrial order of November 10, 1977, twenty days prior to trial, the court ordered that, "Pursuant to RCr 7.24, the defendant may see and inspect such evidence as may be in the possession of the Commonwealth or its agents," thus making the hair samples and the results of the laboratory tests available to appellant at his request. No request was made prior to trial. Furthermore, the Commonwealth went to great detail to prove the integrity of the evidence through a chain of custody. It fully complied with

the burden of proof in establishing integrity. *Brown v. Commonwealth*, Ky., 449 S.W.2d 738 (1969); *Pendland v. Commonwealth*, Ky., 463 S.W.2d 130 (1971). The witness who testified relative to the laboratory analysis and comparison of appellant's hair was available for a thorough cross-examination. The record does not indicate that the appellant sought an independent laboratory analysis or comparison to rebut Officer McClanahan's testimony. The appellant was cognizant of the tests and the analysis, but took no steps or proceedings to utilize his discovery order. He cannot now complain. The record does not indicate that the appellant was prejudiced by the failure of the Commonwealth to produce the hair at the time of the trial.

The appellant next argues that the trial court erred in denying his request to send someone to secure the attendance of William Anderson, who had been duly subpoenaed as a witness for the defendant but failed to appear at the trial.

Anderson was subpoenaed on the day prior to trial to appear at 9:00 a. m. the following day. On November 30, 1977, at 9:00 a. m., the case was called for trial and both the Commonwealth and defense counsel announced ready. At the conclusion of all of the testimony, the appellant's trial counsel for the first time advised the court of the absence of the witness Anderson. The following dialogue took place:

"(Conference at the bench outside the hearing of the jury:)

Mr. Cox: This subpoena was executed today, Judge, on this Anderson and he still hasn't shown up. Can I send somebody after him?

The Court: We will go ahead and work on the instructions and if he is not here—You announced ready this morning.

Mr. Cox: He has been subpoenaed.

The Court: But he wasn't here this morning.

Mr. Cox: No, sir, he wasn't.

The Court: Well, the defendant announced ready at that time, but we will go ahead and work on instructions and if he gets here, I will give you a chance to put him on. If he doesn't, I don't know what we can do about it.

(End of conference at the bench outside the hearing of the jury.)

RCr 9.04 provides that, "The court, upon motion and sufficient cause shown by either party, may grant a postponement of the hearing or trial. * * * If the motion is based on the absence of a witness, the affidavit must show what facts the affiant believes the witness will prove * * *."

■ The record fails to disclose that the appellant made a motion to recess the trial or to continue it so that the attendance of the witness could be coerced. There was no affidavit filed showing what facts could be proven by the absent witness. The appellant requested that he be permitted to send someone after the witness and the trial judge did not refuse this request. The court allowed the appellant to send for Anderson, with the admonition that in the interim they would work on the instructions and with the further admonition that if the witnesses did not appear by the time the instructions were prepared, then the trial would proceed without the witness. Further relief was not sought. Complaint now made as to the action of the trial judge has been waived. *Rake v. Commonwealth*, Ky., 468 S.W.2d 788 (1971).

Next, the appellant charges that he was deprived of due process of law when the trial court authorized the jury to enhance both the burglary and rape sentences, where only one persistent felony charge was made in the indictment. The appellant asks for a reversal of his second-degree persistent felony offender conviction.

What the appellant is really complaining about is the application of the persistent felony offender conviction to both his former convictions of rape and burglary. He would have this court hold that his persistent felony conviction can only be applied to one of the two former convictions and that an election must have been made prior to trial as to which of the former convictions the persistent felony offender conviction, if any, would apply.

In *Berning v. Commonwealth*, Ky., 550 S.W.2d 561 (1977), we said:

" * * * it is not necessary in an indictment to charge facts constituting a basis for the imposition of the habitual criminal penalty for each primary offense constituting separate counts of an indictment. One properly pleaded charge of being a habitual criminal is sufficient for an indictment containing multiple charges. * * *"

The appellant recognizes our holding in *Berning*, supra; however, he attempts to distinguish the statute under which he was tried on November 30, 1977, as a persistent felony offender (KRS 532.080) and the former statute which was in effect when the facts occurred which gave rise to *Berning* (KRS 431.190). We are aware, as Wilhite's appellate counsel argues, of the less severe effect of the present statute over the former. Both the former and the current statutes, however, provide for the imposition of more severe penalties for multiple felony convictions. The difference between the two is the method by which the severity of the punishment is arrived at and imposed.

■ We hold that even though the appellant was tried under the current statute dealing with persistent felony offenders, and not under the statute in effect when the facts occurred giving rise to *Berning*, supra, that *Berning* is controlling in the disposition of this action. The trial court did not err in giving to the jury the challenged persistent felony offender instruction.

Lastly, the appellant decries the action of the trial judge in providing for the rape and robbery sentences to run consecutively rather than concurrently.

■ The question of whether sentences shall run consecutively or concurrently is a matter within the sound discretion of the trial court. *Delacey v. Commonwealth*, Ky., 494 S.W.2d 735 (1973); KRS 532.110. The appellant's criminal record speaks louder than the words of the appellant's brief. Commencing in June 1970, to and including the present convictions for rape and rob-

bery, appellant has been convicted of four misdemeanors and four felonies. As a matter of fact, the appellant had been released on parole only seventeen days when these last offenses were committed. Nothing more need be said in support of the trial judge's decision to run appellant's sentences consecutively rather than concurrently.

The judgment is affirmed.

All concur.