Acey ROYCE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Supreme Court of Kentucky.

Feb. 20, 1979.

Jack Emory Farley, Public Advocate, Erwin W. Lewis, Asst. Public Advocate, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., James L. Dickinson, Asst. Atty. Gen., Frankfort, for appellee.

## OPINION AND ORDER

PALMORE, Chief Justice.

Acey Royce was convicted by the Harlan Circuit Court and sentenced to 20 years in prison for 1st-degree manslaughter (KRS 507.030) and 1st-degree robbery (KRS 515.-020), following which he appealed the judgment to this court as a matter of right. Const. Sec. 110(2)(b). On January 1, 1979, during the pendency of the appeal but before it had been scheduled for argument, Royce died. His counsel, the Public Advocate, thereupon moved that the judgment of the circuit court be vacated with directions that the indictment be dismissed as void or, in the alternative, that proceedings on the appeal continue as if the appellant were still living.

■ The motion is denied for the elementary reason that death ends the relationship of attorney and client and the Public Defender therefore has neither authority nor standing to speak for the dead man. Nor, indeed, does anyone else.

■ Death of a defendant in a criminal proceeding necessarily renders the case moot except insofar as a judgment of conviction already entered against him might affect the rights of other persons. The effect upon others of a judgment from which an appeal has been taken and is pending at the time of death is a question that need not be decided unless and until it arises, and if it never arises there is no good reason why it should be decided in the abstract. The fact of the conviction, whether it be regarded as legally final or not, is history, and as such it cannot be expunged. What meaning and effect it may have at some other time and place is not for the court to determine here and now. "Sufficient unto the day is the evil thereof." [1]

We do not choose to follow, distinguish, or analyze *Durham v. United States,* 401 U.S. 481, 91 S.Ct. 858, 28 L.Ed.2d 200 (1971), or the other federal decisions pertaining to similar cases in the United States courts, and we disapprove the decision of the Court of Appeals in *Robinson v. Commonwealth,* Ky.App., 572 S.W.2d 606 (1978).

The appeal is dismissed *sua sponte.*

All concur.

---

1. *Matthew* 6:34 (King James)