831 F.2d 297
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William F. SIMPSON, Petitioner-Appellant,
v.
Betty KASSULKE, Respondent-Appellee.
 No. 87-5137.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1987.
 
 Before ENGEL, MERRITT and RYAN, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 In this appeal from the District Court's order dismissing a petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254, petitioner challenges three robbery convictions entered pursuant to a jury verdict on the grounds that he was denied a speedy trial. Because we find that the District Court properly applied the balancing test of Barker v. Wingo, 407 U.S. 514 (1972), we affirm the judgment of the District Court.
 
 
 2
 Petitioner Simpson is incarcerated at the Kentucky State Reformatory where he is serving a sentence of 3 concurrent 12 year terms imposed pursuant to convictions of first-degree robbery. He was arrested in Fayette County, Kentucky in December 1977 on charges of robbery and burglary. In March 1978, he pleaded guilty to the Fayette County charges, which are unrelated to his speedy trial claim. He was sentenced to a ten-year term. After serving two years, Simpson was released on parole in March 1980.
 
 
 3
 Meanwhile, in February 1978, petitioner was indicted for three counts of first degree robbery in Jefferson County, Kentucky. Although Simpson was in prison until March 1980, he was not arrested or informed of the Jefferson County indictment until May 1980, 27 months after the indictment was returned and two months after he was paroled. Petitioner moved to dismiss the Jefferson County indictment on the grounds that he had been denied his right to a speedy trial. The trial court overruled his motion and the Kentucky Court of Appeals affirmed. In August 1980, Simpson was tried and convicted on the three robbery counts charged in the Jefferson County indictment. The Jefferson County convictions are the subject of his habeas petition.
 
 
 4
 In analyzing a speedy trial claim, courts must "engage in a difficult and sensitive balancing process." Barker v. Wingo, 407 U.S. 514, 533 (1972). The factors to consider in the balancing process are the length of delay, the reason for the delay, the defendant's assertion of his or her right, and the prejudice to the defendant caused by the delay. 407 U.S. at 530, Redd v. Sowders, 809 F.2d 1266, 1269 (6th Cir.1987).
 
 
 5
 The length of the delay in this case was over two years from the date of indictment to the date of trial. Such a delay in a case in which the defendant was already in the custody of the state triggers further inquiry into the other factors that go into the balance. Barker, 407 U.S. at 530 ("length of the delay is to some extent a triggering mechanism").
 
 
 6
 The reason for the delay in this case was simple neglect or inadvertance. The indictment was apparently misplaced. While Jefferson County's negligence in failing to act on the indictment of petitioner is regrettable, negligence is weighed less heavily against the government than deliberate attempts to delay trial in order to hamper the defense. Barker, 407 U.S. at 531.
 
 
 7
 The third factor in the Barker balancing test is whether the defendant asserted his or her speedy trial rights. Simpson was informed by a Jefferson County detective in January 1978 that a formal indictment would soon be returned against him. Respondents argue that Simpson should have requested a speedy trial when he knew that an indictment would be returned against him. Simpson apparently did not learn that an indictment had actually been returned in Jefferson County until he was arrested in May 1980. He made his speedy trial claim promptly thereafter. While a defendant may assert his or her right to a speedy trial before indictment, United States v. Marion, 404 U.S. 307, 321 (1971), Simpson would have had no reason to do so. His situation does not compare with that of a defendant who is arrested and incarcerated on charges for which a formal indictment has not been returned. Although Simpson was incarcerated during most of the two years between the Jefferson County indictment and his arrest, he was serving time on unrelated charges. He asserted his speedy trial rights soon after he learned of the actual existence of the Jefferson County indictment.
 
 
 8
 The final Barker factor is the prejudice to the defendant. The prejudice caused by a delay should be assessed in light of the interests which the sixth amendment speedy trial guarantee is designed to protect. The speedy trial right is not primarily intended to prevent prejudice to the defendant caused by the passage of time. Defendants are protected against this type of prejudice primarily by the due process clause and by statutes of limitations.[1] United States v. MacDonald, 456 U.S. 1, 8 (1982). The speedy trial right is designed to protect the interests of preventing oppressive pretrial incarceration, minimizing anxiety and concern of the accused, and limiting the possibility that the defense will be impaired. Barker, 407 U.S. at 532.
 
 
 9
 In this case there is no oppressive pretrial incarceration. Although one already in prison may suffer prejudice in the sense that the prisoner may lose the chance to serve concurrent sentences, Smith v. Hooey, 393 U.S. 374, 378-79 (1969), Simpson's situation is not such a case. The trial court's decision whether to order sentences to run concurrently or consecutively is a matter completely within the court's discretion. Delacey v. Commonwealth, 494 S.W.2d 735 (Ky.Ct.App.1973). Due to the discretionary nature of the sentencing decision, we conclude that Simpson's claim is too speculative to amount to actual prejudice. Further, Simpson has made no showing that he suffered anxiety or concern over the returned indictment or that his defense was impaired. He has thus shown no prejudice under the sixth amendment. Therefore, the judgment of the District Court is affirmed.
 
 
 
 [1]
 No contention is made that the failure to receive notice of the indictment is a per se violation of the due process clause of the fifth amendment. Accordingly, we do not reach that issue