Fred D. EWING, Sr.,
Petitioner-Appellant,

v.

Norris W. McMACKIN,
Respondent-Appellee.

No. 85–3252.

United States Court of Appeals,
Sixth Circuit.

Argued May 5, 1986.

Decided Sept. 3, 1986.

Frank A. Lavelle (argued), Lavelle & Goldsberry Co., Athens, Ohio, for petitioner-appellant.

Christine Manuelian, Asst. Atty. Gen., Columbus, Ohio, Christine Bobbey (argued), for respondent-appellee.

Before ENGEL and RYAN, Circuit Judges, and CONTIE, Senior Circuit Judge.*

CONTIE, Senior Circuit Judge.

Fred D. Ewing, Sr., appeals from an order of the district court which denied Ewing's three consolidated habeas corpus petitions on the grounds that review by a federal court pursuant to 28 U.S.C. § 2254 was barred by Ewing's failure to follow state procedures with respect to his contentions, and that Ewing had failed to establish cause for and prejudice arising from

such procedural defaults. For the reasons that follow, the judgment of the district court is affirmed in part, vacated in part and remanded for proceedings consistent with this opinion.

## I.

On April 28, 1980, Fred D. Ewing, Sr., was indicted on four counts pursuant to Ohio Rev.Code § 2925.03 for trafficking in drugs, and on May 5, pleaded not guilty. (Case No. 80CR–04–1207). On June 9, 1980, Ewing's attorney Michael P. Jackson moved to withdraw, and on August 29, Michael McGinley was appointed as counsel. On September 24, McGinley moved to withdraw and Douglas Moser was appointed. Ewing failed to appear for trial on September 16, 1980, and January 7, 1981. At some point Elliott Good became Ewing's attorney, and, on June 30, 1982 sought to withdraw. On July 15, Richard Sheward was appointed. A jury trial was held, Ewing was convicted on all four counts, and, on August 18, 1982, was sentenced to two-to-five years on each count. On September 15, Sheward moved to withdraw and Attorney Kura was appointed.[1]

On July 17, 1980, Ewing was indicted in the Franklin County Court of Common Pleas on two counts of carrying a concealed weapon pursuant to Ohio Rev.Code § 2923.12. (Case No. 80CR–07–2074). On August 15, Ewing pleaded not guilty. Ewing failed to appear for trial on September 11, 1980 and January 7, 1981. On June 30, 1982, Ewing's attorney, Elliott Good, moved to withdraw from the case, and on July 19, the court appointed Richard Sheward at Ewing's request.[2] On September

---

\* On July 1, 1986 Judge Contie took senior status.

1. On July 14, 1980, in the drug trafficking case, Ewing sought a continuance, which was granted. Ewing alleges that he was not represented by counsel when he signed the order granting the continuance in which he waived his speedy trial rights. Ewing alleges that Attorney Good only represented him for the purposes of a bond hearing and never represented him with respect to the merits of the case or trial.

2. On at least two occasions which can be documented in the record, (*see* attachments to petition in case no. C2–84–1903) May 18 and June 17, 1982, Ewing sought continuances and waived his right to a speedy trial. The continuance of May 18 refers to all three of Ewing's cases, while the June continuance refers only to case no. 80CR–06–1834. Ewing alleges that the May continuance was agreed to by Attorney Good who was only to represent Ewing at a bond hearing, but who, without Ewing's knowledge or consent, agreed to the continuance and

1, 1982, Ewing changed his plea to guilty and was sentenced to three-to-ten years imprisonment. The second count was nolle prossed. The sentence was to run concurrent to his sentences for his drug trafficking convictions.

On August 5, 1980, Ewing was indicted on charges of carrying a concealed weapon in violation of Ohio Rev.Code § 2923.12 and felonious assault in violation of Ohio Rev. Code § 2903.11, and, on August 15, pleaded not guilty. (Case No. 80CR–06–1834). On January 7, 1981, Ewing failed to appear for trial. On June 30, 1982, Attorney Elliott Good moved to withdraw, and on July 15, Richard Sheward was appointed. Ewing pleaded guilty to carrying a concealed weapon, and, on September 9, 1982 was sentenced to three-to-ten years imprisonment, to be served concurrent with his drug trafficking sentences. The other counts were dismissed.

Ewing appealed his conviction in case no. 80CR–04–1207 (drug trafficking), arguing that the trial court erred in refusing to dismiss the indictment pursuant to Ohio R.Crim.P. 7(B) and that the jury's verdict was against the weight of the evidence. On March 22, 1983, the Ohio Court of Appeals for the 10th District affirmed the convictions. *State v. Ewing,* 9 Ohio App.3d 285, 459 N.E.2d 1297 (1983). On April 19, 1983, Ewing sought leave to appeal to the Ohio Supreme Court, arguing that his convictions were against the weight of the evidence, and, therefore, obtained in violation of *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). On November 23, 1983, the Ohio Supreme Court overruled Ewing's motion, and the appeal was dismissed.

On November 8, 1982, Ewing filed a *pro se* motion for post-conviction relief in the weapons cases, case nos. 80CR–06–1834, 07–2074, pursuant to Ohio Rev.Code § 2953.21. Ewing alleged that his counsel was ineffective because he misled Ewing about the nature of the plea bargain and that had Ewing known the true bargain he would not have pleaded guilty. Ewing also alleged that because of his psychiatric and alcohol problems he should have received a sanity hearing. Ewing alleged failure to comply with Ohio R.Crim.P. 11(F). Ewing alleged that the circumstances surrounding his guilty pleas rendered such pleas involuntary in violation of the Sixth and Fourteenth Amendments.[3] On April 20, 1983, the trial court denied Ewing's petition, finding no violation of state or federal constitutional rights. The court found that "[t]he pleas of guilty were voluntarily, intelligently and knowingly made by the defendnt [sic]," and that "[c]ounsel for defendant very effectively represented defendant at all stages of the proceedings."

Sometime in 1983, Ewing filed three petitions for writs of habeas corpus in the U.S. District Court for the Southern District of Ohio alleging with respect to his weapons convictions, that:

1.  His guilty plea was involuntary, and not made with a full understanding of its nature and consequences.

2.  His conviction was obtained in violation of the protection against double jeopardy.

3.  His conviction was obtained through the use of evidence resulting from an unlawful arrest.

4.  He was denied the effective assistance of counsel.

waived Ewing's speedy trial rights. With respect to the June continuance, Ewing alleges that he was not represented by counsel and was unaware that he was waiving his right to a speedy trial.

3.  The affidavit of Ewing's counsel, Richard Sheward, reveals that Sheward was appointed after Ewing "had fired a succession of lawyers previously appointed by the court to represent him. This succession of lawyers included Douglas Moser as my immediate predecessor in repre-

senting Freddie D. Ewing, Sr. along with between 4 and 6 other attorneys who had previously been appointed." Sheward construed Ewing's petition as "alleging that somehow I misled him into believing that a successful appeal of the case that was tried to a jury would also somehow set aside a separate and unrelated case to which Fred Ewing entered a guilty plea." The record includes a transcript of the acceptance of the guilty pleas in the state trial court.

5. He was denied due process and a fair trial.

6. He was unconstitutionally sentenced.

7. The police department violated his civil rights by harassment.[4]

With respect to the drug convictions, Ewing realleged errors 2, 4, 5, 6 and 7 and additionally alleged that:

1. He was subjected to an unconstitutional search and seizure.

2. He was denied the right to a speedy trial.

On May 3, 1984, with respect to case no. C2-84-356, the district court held that the petition was unexhausted because it included claims which had never been presented to the state courts. The district court recognized the possibility that the Ohio courts would consider such claims to be waived because of Ewing's failure to raise such claims on direct appeal. With respect to the weapons convictions, the district court found that five of the seven claims had not been exhausted, and that the petition must be dismissed pursuant to the rule of *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The court held that "[a]ny of the claims which appear on the face of the record may still be presented to the Ohio courts by way of a delayed direct appeal pursuant to Ohio Appellate Rule 5."[5] On September 20, 1984, we affirmed the judgment of the district court pursuant to Rule 9(a), Rules of the Sixth Circuit.

On May 11, 1984, Ewing, represented by counsel Frank Lavelle, filed, with respect to all of his convictions, a motion in the state trial court for post-conviction relief pursuant to Ohio Rev.Code § 2953.21. Ewing sought relief from his convictions on the grounds that (1) his right to a speedy trial pursuant to Ohio Rev.Code § 2945.-71(C) was violated; (2) evidence was obtained by an unconstitutional search and seizure; (3) multiple punishments were imposed for the same offense in violation of Art. I, § 10 of the Ohio Constitution;[6] (4) he was rendered ineffective assistance of trial counsel and deprived of a fair trial in violation of Ohio and federal constitutional law;[7] (5) that Ohio R.Crim.P. 7(D) was violated; and (6) he received unconstitutionally excessive sentences. On September 6, 1984, the trial court denied the petition finding that Ewing was not denied his right to a speedy trial under Ohio law and the Sixth Amendment and that Ewing was barred from raising the speedy trial and search issues with respect to the drug convictions because such issues could have been raised, and were not, on direct appeal. Ewing was barred from challenging the legality of the search with respect to his weapons convictions because of his guilty plea. The court rejected the double jeopardy argument on the ground that one weapons conviction arose from events on June 11, 1980, while the other arose from events on June 18, 1980. The court rejected the double jeopardy argument with respect to the drug convictions because different drugs were sold on different dates and because the double jeopardy argument was waived because Ewing failed to raise this issue on direct appeal. The court found that Ewing received effective assistance of trial counsel and that "[i]n addition, the

---

**4.** The petitions were numbered C-2-84-354, 355, 356. Case No. 356 referred to the drug convictions and numbers 354 and 355 to the separate weapons convictions.

**5.** The district court had dismissed case no. 356 for failure to exhaust state remedies, and numbers 354 and 355 for being mixed petitions, leaving Ewing with the option of deleting the unexhausted claims and refiling. As we note below, Ewing chose to return to state court and exhaust the unexhausted claims.

**6.** Ewing's allegations in this regard can be construed as alleging violation of the Double Jeop-

ardy Clause of the Fifth Amendment to the U.S. Constitution.

**7.** Ewing alleged that counsel was ineffective because he (1) failed to raise the double jeopardy argument, (2) failed to discuss the case and argued with his client, (3) failed to call the necessary witnesses, (4) pressured his client to accept the deal offered by the prosecution, (5) failed to object to jury instructions, (6) failed to challenge the chain of custody of the evidence, and (7) failed to raise proper affirmative defenses. Some of these charges are applicable to all of Ewing's cases while some charges are case-specific.

several claims of error at trial could have been raised by the defendant in his direct appeal with new appellate counsel and are therefore *res judicata.*" No appeal was taken.

On October 25, 1984, Ewing filed a petition for a writ of habeas corpus (district court case no. C2–84–1903) with respect to his conviction for carrying a concealed weapon in state case no. 80CR–07–2074. Ewing explained his failure to appeal the denial of his first state post-conviction motion on the ground that "it was a *pro se* petition[.] I was unaware that it could be appealed." Ewing explained his failure to appeal the denial of his second state post-conviction motion on the ground that "I no longer had counsel; due to Ohio Supreme Court decisions in *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), etc., it would be futile." As grounds for relief, Ewing asserted:

1. Denial of a right to a speedy trial.
2. Unconstitutional search and seizure.
3. Violation of double jeopardy.
4. Denial of effective assistance of counsel.
5. Unlawfully induced guilty plea, not made with knowledge and understanding of the nature of the charge and the consequences of the plea.

On November 14, 1984, Ewing filed a petition for a writ of habeas corpus (district court case no. C2–84–1975) with respect to his conviction for carrying a concealed weapon in state case no. 80CR–06–1834. Ewing alleged that he did not appeal the denial of his first state post-conviction motion because "issues by state law were res judicata." Ewing alleged the same grounds for relief in this petition as he did with respect to his other weapons conviction in the October petition.

Also on November 14, 1984, Ewing filed a petition for writ of habeas corpus, district court case no. C2–84–1974, with respect to his drug trafficking convictions. Ewing indicated that he failed to appeal denial of his second state petition for post-conviction

relief because of the doctrine of res judicata and his *pro se* status. Ewing alleged the same grounds for relief as in his other petitions with the exception of the involuntary guilty plea claim.

On January 16, 1984, respondent McMackin moved to consolidate the cases. McMackin, in responding to the petitions, argued that Ewing's failure to raise the speedy trial, search, and double jeopardy issues on direct appeal was a procedural default barring further consideration of these claims, and that Ewing's failure to appeal the denial of his second post-conviction motion with respect to ineffective assistance of counsel was a procedural default barring consideration of the claim. With respect to the weapons convictions, McMackin argued that Ewing's claims were either barred by Ewing's failure to appeal his denials of post-conviction relief, or that Ewing had failed to exhaust his state remedies because he failed to seek a delayed appeal of his convictions on the issues raised in his petitions. In response, Ewing alleged that a delayed appeal would be futile, citing *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Ewing argued that a delayed appeal would be futile because he had not preserved the issue of speedy trial at trial as required by Ohio Rev.Code § 2945.73 due to the ineffective assistance of counsel.[8] Ewing admitted, however, that "it is Ohio's statutory scheme, giving a prisoner like myself a three-for-one credit, which is alleged to have been violated, and not the constitutional issue of the denial of a speedy trial." Petitioner's Response to Return of Writ at 2.

On January 28, 1985, the district court granted the respondent's motion to consolidate. On February 11, 1985, Ewing filed a memorandum with respect to his petition, arguing for the first time that his counsel on appeal was ineffective "[s]ince the public defender who handled my appeal didn't sort through all the continuances, docket

---

8. Ewing also appears to have challenged the state's application of its procedural default rule

enunciated in *Perry. See* Petitioner's Response to Return of Writ at 2.

sheets, delays, etc., and discover this issue [speedy trial]."

On March 18, 1985, the district court dismissed Ewing's petitions, holding that Ewing had properly exhausted his claims. The district court held that Ewing had waived his claims because he failed to raise such on direct appeal, pursuant to *State v. Perry*. The state trial court, of course, had noted this default in its second order denying post-conviction relief. The district court noted that the state court had considered the merits of some of Ewing's claims, but declined to apply the "substantial basis" standard of *Hockenbury v. Sowders*, 620 F.2d 111, 115 (6th Cir.1980), *cert. denied*, 450 U.S. 933, 101 S.Ct. 1395, 67 L.Ed.2d 367 (1981).[9] Instead, the district court held that, assuming the state court decided Ewing's claims on the merits, petitioner's failure to appeal the denials of post-conviction relief constituted a procedural default barring consideration of such claims in a habeas corpus proceeding. The district court finally held that Ewing had failed to allege cause for and prejudice arising from his state procedural defaults, and, accordingly, dismissed the petitions. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

In his application for certificate of probable cause and the addendum thereto, Ewing, for the first time alleged *as cause* "the procession of court-appointed attorneys to represent petitioner," and "the failure of his appointed counsel to raise the issue of the denial of his right to a speedy trial on direct appeal." On April 23, 1985, the district court granted petitioner's application for a certificate of probable cause.

On appeal, Ewing alleges ineffective assistance of appellate counsel as cause for his failure to present the issues in his petition on direct appeal. With respect to his failure to appeal his denial of post-conviction relief, Ewing argues that "[b]ecause this Appellant has virtually been representing himself *pro se*," his failure to appeal should not be deemed a procedural default. The principal focus of Ewing's arguments rests on the speedy trial and ineffective assistance of counsel issues.

The state argues that the petition must be dismissed due to Ewing's failure to litigate the ineffective assistance of appellate counsel claim in state court. The state also argues that counsel was not constitutionally ineffective, and that a petitioner must establish constitutional ineffectivness for attorney error to qualify as cause.

## II.

### A.

Treating each petition separately, we begin with district court case no. C2–84–1974 which referred to Ewing's convictions for drug trafficking. It is clear that petitioner's failure to present his claims to the Ohio appellate courts can constitute a procedural default barring our consideration of the claims absent a demonstration of cause and prejudice. *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir.), *cert. denied sub nom. Leroy v. Morris*, —— U.S. ——, 106 S.Ct. 99, 88 L.Ed.2d 80 (1985). The state trial court relied on such defaults in denying post-conviction relief. The trial court held:

The defendant was brought to trial within the time requirements of Ohio Revised Code Section 2945.71, *et seq.*, and the Sixth Amendment, the defendant having requested a number of continuances and having failed to appear for trail [sic] on two occasions necessitating the issuances of a *capias* for his arrest. See *State v. Bauer* (1980), 61 Ohio St.2d 83 [399 N.E.2d 555]. In addition, in case number 80CR–04–1207, convictions for four

---

**9.** In the denial of Ewing's first post-conviction petition, the state trial court clearly addressed the issues of the voluntariness of the guilty pleas and effectiveness of trial counsel on the merits. In the denial of the second post-conviction motion, a "substantial basis" issue exists with respect to the speedy trial, double jeopardy, and effective assistance of counsel issues. The dis-

trict court held that with respect to the weapons convictions the issues of voluntariness, double jeopardy, and ineffective assistance of counsel had clearly been decided on the merits and the only default barring habeas review was Ewing's failure to appeal the denial of the post-conviction motions.

counts of trafficking in drugs were affirmed on direct appeal. (See *State v. Ewing* (1983), 9 Ohio App.3d 185 [285], [459 N.E.2d 1297]. Any issue regarding speedy trial, whether under Ohio Revised Code Section 2945.71 or the Sixth Amendment, could have been raised in that appeal and therefore is *re* [sic] *judicata* between the parties. *State v. Perry* (1967), 10 Ohio St.2d 175 [226 N.E.2d 104].

"When a state court disposes of a claim by relying on the procedural default but also discusses the merits, *Sykes* applies if the procedural default was at least a 'substantial basis' for the decision." *McBee v. Grant*, 763 F.2d 811, 813 (6th Cir.1985). "[A] state court may uphold a defendant's conviction both on the merits and on procedural grounds. In such circumstances, *Hockenbury* [*v. Sowders*, 620 F.2d 111 (6th Cir.1980), *cert. denied*, 450 U.S. 933, 101 S.Ct. 1395, 67 L.Ed.2d 367 (1981) ] teaches that the procedural ground is a substantial basis of the state court's decision and that review of the merits on habeas is barred." *Gilbert v. Parke*, 763 F.2d 821, 825 (6th Cir.1985). In this case, it is clear that Ewing's failure to raise the issues presented in his petition with respect to the drug convictions on direct appeal was a substantial basis for the state trial court's denial of post-conviction relief. Accordingly, such failure constitutes a procedural default requiring compliance with the cause and prejudice standard of *Wainwright v. Sykes*.

■ Our disposition of this case is guided by the Court's decision in *Murray v. Carrier*, — U.S. —, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). In his brief before this court, petitioner argues that "[t]he 'cause' for petitioner's State procedural default was his attorney's failure to raise the speedy trial issue and other issues on direct appeal, due to unfamiliarity with his case, and its complex chronology and procedural history." Appellant's Brief at 5. Further, "[t]his Appellant should not be denied a hearing on the merits of his claims because the over-worked and under-staffed Franklin County Public Defender's office, unfamiliar with the background of his case, failed to raise the issue of the denial of his right to a speedy trial." *Id.* at 6. Petitioner alleged that the failure to raise the speedy trial issue constituted ineffective assistance of counsel. *Id.* at 7.

In *Carrier*, the Court held

that counsel's failure to raise a *particular* claim or claims on appeal is to be scrutinized under the cause and prejudice standard when that failure is treated as a procedural default by the state courts. Attorney error short of ineffective assistance of counsel does not constitute cause for a procedural default even when that default occurs on appeal rather than at trial. To the contrary, cause for a procedural default on appeal ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim.

— U.S. at —, 106 S.Ct. at 2648. Further,

[w]ithout attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, *see Reed v. Ross*, 468 U.S. [1], at 16 [104 S.Ct. 2901, at 2910, 82 L.Ed.2d 1 (1984) ], or that "some interference by officials," *Brown v. Allen*, 344 U.S. 443, 486 [73 S.Ct. 397, 422, 97 L.Ed. 469] (1953), made compliance impracticable, would constitute cause under this standard.

Similarly, if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State, which may not "conduc[t] trials at which persons who face incarceration must defend themselves without adequate legal assistance." *Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). Ineffective assistance of counsel, then, is cause for a procedural default. However, we think that the exhaustion doctrine, which is "principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings," *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198,

1203, 71 L.Ed.2d 379 (1982), generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default. The question whether there is cause for a procedural default does not pose any occasion for applying the exhaustion doctrine when the federal habeas court can adjudicate the question of cause—a question of federal law—without deciding an independent and unexhausted constitutional claim on the merits. But if a petitioner could raise his ineffective assistance claim for the first time on federal habeas in order to show cause for a procedural default, the federal habeas court would find itself in the anomalous position of adjudicating an unexhausted constitutional claim for which state court review might still be available. The principle of comity that underlies the exhaustion doctrine would be ill-served by a rule that allowed a federal district court "to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," *Darr v. Burford,* 339 U.S. 200, 204, 70 S.Ct. 587,

590, 94 L.Ed. 761 (1950), and that holds true whether an ineffective assistance claim is asserted as cause for a procedural default or denominated as an independent ground for habeas relief.

*Id.* at ——–——, 106 S.Ct. at 2646. Ewing has alleged no external impediments preventing him from raising his challenge to the effectiveness of appellate counsel,[10] and it is plain that the issue was never raised in the state courts.[11] Accordingly, unless special circumstances require that the cause and prejudice standard be waived, *see* Part III C *infra,*[12] *Carrier* requires that the judgment of the district court with respect to the petition in district court case no. C2–84–1974, be vacated and the case remanded with instructions to dismiss the petitions for failure to exhaust as required by 28 U.S.C. § 2254 and *Rose v. Lundy.*[13]

## B.

With respect to the petitions in case nos. C2–84–1903 and C2–84–1975, the failure to appeal a state court's denial of a motion for post-conviction relief constitutes a proce-

---

**10.** Assuming that defendant did receive effective assistance of counsel, it is unlikely that Ewing's reference to the overworked and understaffed public defender's office alone is the type of external impediment contemplated by the Court in *Carrier.*

**11.** At oral argument, counsel for petitioner admitted that the issue of ineffective assistance of appellate counsel had not been raised in the state courts and contended that such was not raised because *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), holding that a criminal defendant is entitled to effective assistance of counsel on first appeal as of right, was not decided until January 21, 1985, and petitioner's second petition for post-conviction relief was filed on May 11, 1984. While this contention is relevant to the concept of futility, since our question here deals with exhaustion, rather than the concept of novelty, an inquiry properly put in the context of procedural default, it is clear that it is ridiculous to contend that it would have been either novel or futile for Ewing to have sought post-conviction relief on the ground that his Sixth Amendment rights were violated by the ineffective assistance of appellate counsel. *See Evitts,* 105 S.Ct. at 837 and n. 9.

**12.** *Carrier* requires dismissal based on failure to exhaust only when, in adjudicating the question of cause, the federal court is required to adjudi-

cate an unexhausted claim. —— U.S. at ——–——, 106 S.Ct. at 2646–48. Accordingly, the mere presence of the unexhausted claim does not require dismissal of the petition. In this case, the unexhausted claim might be avoided if the district court determined that Ewing suffered no prejudice, as elucidated in *Wainwright v. Sykes,* from the procedural default.

**13.** There is no basis for treating the petition with respect to the drug trafficking convictions and the petitions with respect to the weapons convictions as one. Both relate to separate and different crimes and different factual situations. The purpose of the mixed-petition dismissal requirement of *Rose v. Lundy* is to allow the state court the first opportunity to correct constitutional errors. Accordingly, it would make no sense to dismiss a petition which is entirely exhausted because a separate petition dealing with different convictions of the same petitioner contains unexhausted claims. Accordingly, only dismissal of the petition relating to the drug trafficking charges is necessary due to Ewing's failure to exhaust the issue of ineffective assistance of appellate counsel. If this exhaustion problem is solved, the district court may need to address the existence of cause and prejudice with respect to petitioner's failure to appeal his denial of post-conviction relief.

dural default barring a federal court from reaching the issues raised in such motion absent a demonstration of the cause for and prejudice from such default. *Zellers v. Duckworth,* 763 F.2d 250, 252 (7th Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 319, 88 L.Ed.2d 302 (1985); *Jackson v. Cupp,* 693 F.2d 867, 870 (9th Cir.1982); *Hammer v. Meachum,* 691 F.2d 958, 960 (10th Cir. 1982), *cert. denied,* 460 U.S. 1042, 103 S.Ct. 1439, 75 L.Ed.2d 796 (1983); *Rodgers v. Wyrick,* 621 F.2d 921, 926–27 (8th Cir. 1980); *Cain v. State of Missouri,* 518 F.2d 1180 (8th Cir.1975) (applies deliberate by-pass standard); *United States ex rel. Savino v. Flood,* 482 F.Supp. 228, 232 (E.D.N.Y. 1979).[14] *See also Matias v. Oshiro,* 683 F.2d 318, 321 (9th Cir.1982) (*Sykes* applied to failure to raise issue in post-conviction motion).

Ewing's brief on appeal focuses almost entirely on his failure to raise the speedy trial issue on direct appeal from his drug trafficking convictions. In the course of the litigation of his petitions, however, Ewing has explained his failure by reference to (1) his *pro se* status and ignorance of his right to appeal the denial of post-conviction relief, and (2) the fact that appeal would be futile in light of *State v. Perry* and the Ohio doctrine of *res judicata.* Reference to the record in this case makes clear that neither ground can constitute cause excusing Ewing's failure to appeal.

**14.** We have reached this conclusion in an unpublished disposition with no precedential effect, Sixth Circuit Rule 24, extending the reasoning of *Payne v. Rees,* 738 F.2d 118 (6th Cir.1984), to failures to appeal denials of post-conviction relief. *Boykins v. Davis,* 765 F.2d 144 (6th Cir. 1985). Our decision in *Payne v. Rees* involved a similar fact pattern in which Payne failed to raise issues on direct appeal and then subsequently failed to appeal the denial of his state post-conviction motions. We relied on the failure to raise the issues on direct appeal as the appropriate procedural default, and expressed no opinion on Payne's failure to appeal the denial of his post-conviction motions. *Id.* at 125.

**15.** Because the post-conviction proceeding was civil, rather than criminal, *State v. Harvey,* 68 Ohio App.2d 170, 428 N.E.2d 437 (1980), Ewing, of course, had no Sixth Amendment right to counsel nor that such counsel be constitutional-

First, the record discloses that, in fact, Ewing was represented by counsel in his post-conviction motions filed May 11, 1984. Ewing was represented by Frank Lavelle, his attorney in the appeal. The motions are signed by Lavelle, and Judge Flowers forwarded his decision to Lavelle as "counsel for defendant." Ewing, not surprisingly, does not argue that Lavelle was negligent or incompetent in his representation of Ewing.[15]

Second, the state trial court, in denying Ewing's second post-conviction motion, relied only in part on *State v. Perry* and the doctrine of *res judicata.* The court held that consideration of the legality of the search was barred by Ewing's guilty plea and addressed his claims of ineffective assistance of trial counsel and double jeopardy on the merits. In his earlier post-conviction petition, denied April 20, 1983, the trial court reached the merits regarding the effectiveness of counsel and the voluntariness of his guilty pleas. Accordingly, there is no merit to Ewing's claim that *State v. Perry* rendered appeal futile and constitutes cause for his failure to appeal the denials of post-conviction relief. The district court correctly held that Ewing has failed to demonstrate cause and prejudice with respect to his failure to appeal the denials of post-conviction relief with respect to the weapons convictions.

ly effective, *State v. Castro,* 67 Ohio App.2d 20, 22, 425 N.E.2d 907 (1979). *See Kirby v. Dutton,* 794 F.2d 245, 246 n. 1 (6th Cir.1986). Because of the civil nature of the post-conviction proceeding, delayed appeal is not available. Ohio R.App.P. 4(A); *State v. Nichols,* 11 Ohio St.3d 40, 43, 463 N.E.2d 375 (1984).

Ethical Consideration 2–31 of the Ohio Code of Professional Responsibility provides in part that "[t]rial counsel for a convicted defendant should continue to represent his client by advising whether to take an appeal." Comment to Rule 1.3 of the American Bar Association Code of Professional Responsibility states that "if a lawyer has handled a judicial or administrative proceeding that produced a result adverse to the client but has not been specifically instructed concerning pursuit of an appeal, the lawyer should advise the client of the possibility of an appeal before relinquishing responsibility for the matter." Lavelle's role in Ewing's decision not to appeal is unclear.

### C.

In *Carrier*, the Court noted that " '[i]n appropriate cases' the principles of comity and finality that inform the concepts of cause and prejudice 'must yield to the imperative of correcting a fundamentally unjust incarceration.' " *Id.* at ——, 106 S.Ct. at 2650. "[W]e think that in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id.* at ——, 106 S.Ct. at 2650. Our task in this respect is to distinguish "actual" from "legal" innocence, and determine whether "refusal to consider the defaulted claim on federal habeas carries with it the risk of a manifest miscarriage of justice." *Smith v. Murray,* —— U.S. ——, ——, 106 S.Ct. 2639, 2668, 91 L.Ed.2d 397 (1984). Relief is not warranted where "the alleged constitutional error neither precluded the development of true facts nor resulted in the admission of false ones." *Id.* at ——, 106 S.Ct. at 2668. A petitioner fails to persuade a federal court to look past the cause and prejudice test "[w]hen the alleged error is unrelated to innocence, and when the defendant was represented by competent counsel, had a full and fair opportunity to press his claim in the state system, and yet failed to do so in violation of a legitimate rule of procedure." *Id.* In light of the limited record before us, we are in no position to evaluate the effect of the multiple errors alleged by Ewing in his petitions on his "actual," as opposed to "legal," innocence. Accordingly, we remand the case to the district court to consider this issue with respect to all three petitions.[16]

### III.

With respect to Ewing's petition in district court case no. C2–84–1974, the district court must determine (1) whether the actu-

al innocence exception to the cause and prejudice standard applies, and (2) whether the petition can be disposed of without addressing the unexhausted claim. If the district court reaches a negative determination on each question, the petition should be dismissed for failure to exhaust state remedies.

With respect to Ewing's petitions in case nos. C2–84–1903 and C2–84–1975, we remand to the district court only to determine whether the actual innocence exception to the cause and prejudice standard applies.

Accordingly, the judgment of the district court in district court case no. C2–84–1974 is VACATED and REMANDED for proceedings consistent with this opinion, and the judgments of the district court in district court case nos. C2–84–1903, C2–84–1975 are AFFIRMED IN PART and REMANDED for proceedings consistent with this opinion.

---

**16.** If the district court were to find with respect to the drug trafficking convictions that Ewing's likely "actual" innocence precludes application of the cause and prejudice standard, then the exhaustion issue is not implicated, and the merits of Ewing's claims can be considered. *See* note 12, *supra.*