860 F.2d 1079
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jeffery A. MURR, Petitioner-Appellant,
v.
James JACKSON, Respondent-Appellee.
 No. 88-3246.
 United States Court of Appeals, Sixth Circuit.
 Oct. 13, 1988.
 
 Before KEITH, RALPH B. GUY, Jr. and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This pro se Ohio state prisoner appeals the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Murr was convicted following a jury trial of vandalism and possession of criminal tools, and was sentenced to two concurrent 18 month terms. His conviction was affirmed on direct appeal. In his habeas petition he alleged that the identification procedure used in his case was unduly suggestive, that he was denied a speedy trial, that he was convicted of allied offenses in violation of the prohibition of double jeopardy, and that the state had failed to prove every element of the crime of vandalism. The district court concluded that the first two claims were without merit and the remaining claims were waived by petitioner's failure to assert them as federal constitutional questions before the Ohio Supreme Court. Petitioner has abandoned the third claim regarding allied offenses on appeal; therefore it need not be reviewed. McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 3
 Upon consideration, we conclude that petitioner's arguments regarding the suggestive nature of his identification do not overcome the reliability of the identification as found by the lower court under the totality of the circumstances. See Manson v. Brathwaite, 432 U.S. 98 (1977); Neil v. Biggers, 409 U.S. 188, 199 (1972). We also conclude that petitioner's failure to diligently assert his constitutional right to a speedy trial or to show any resulting prejudice outweighs the unexplained delay of his trial. See Barker v. Wingo, 407 U.S. 514, 530 (1972). Review of the record also supports the district court's conclusion that petitioner did not fairly present his remaining claim as a federal constitutional issue before the state courts. See Picard v. Connor, 404 U.S. 270 (1971). As petitioner did not establish cause or prejudice to excuse his failure to exhaust this claim, he may not raise it in a federal habeas petition. Ewing v. McMackin, 799 F.2d 1143, 1148-50 (6th Cir.1986).
 
 
 4
 Accordingly, the judgment of the district court denying habeas relief is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.