918 F.2d 958
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Miller H. WELLS, Jr., Petitioner-Appellant,
v.
Stephen T. SMITH, Respondent-Appellee.
 No. 90-5254.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1990.
 
 Before KRUPANSKY, RALPH B. GUY, Jr. and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Petitioner, Miller H. Wells, Jr., appeals from the district court's order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. He now moves for appointment of counsel. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Petitioner was convicted by a Fayette County, Kentucky, jury of first degree rape, first degree sodomy, and first degree burglary. He received a twenty-one (21) year term of imprisonment. His direct appeal and an initial federal habeas petition were unsuccessful. A subsequent RCr 11.42 motion was also unsuccessful. Petitioner then filed a second petition in the District Court for the Eastern District of Kentucky. In support of his request for that relief, he maintained that his conviction was invalid because: (1) he was denied effective assistance of counsel; (2) his conviction was obtained by the unconstitutional failure of the prosecution to disclose to petitioner favorable evidence; and (3) his conviction was obtained by the use of evidence obtained pursuant to an unlawful arrest.
 
 
 3
 A magistrate found that the three issues raised in petitioner's second petition were "new and different" from those raised by petitioner in his first petition but that petitioner was aware of the factual basis for these new issues at the time he filed his first petition. The magistrate concluded that petitioner offered no justifiable excuse for omitting the new claims from his first habeas petition and recommended that the petition be dismissed as an abuse of the writ pursuant to Rule 9(b), Rules Governing Section 2254 Cases. See also Sanders v. United States, 373 U.S. 1, 10 (1963); Price v. Johnston, 334 U.S. 266, 292 (1948); Miller v. Bordenkircher, 764 F.2d 245, 250 (4th Cir.1985). Despite petitioner's objections, the district court adopted the magistrate's recommendation and entered an order dismissing the petition as abusive of the writ pursuant to Rule 9(b), Rule Governing Section 2254 Cases.
 
 
 4
 Upon consideration, we affirm the dismissal of the petition for a writ of habeas corpus for reasons other than those stated by the district court. See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam).
 
 
 5
 The district court properly dismissed as successive the discovery and evidentiary issues, see Rule 9(b), Rules Governing Section 2254 Cases; however, the ineffective assistance of counsel claim was not successive. Ineffective assistance of counsel is normally not raised on direct appeal but in a post-conviction proceeding. See United States v. Hill, 688 F.2d 18, 21 (6th Cir.) (per curiam), cert. denied, 459 U.S. 1074 (1982) (Sec. 2255 case). While petitioner knew of and should have raised the discovery and evidence issues in his first federal habeas petition, federal consideration of the ineffective assistance of counsel claim would not be appropriate until after post-conviction relief proceedings were concluded.
 
 
 6
 However, because petitioner did not appeal the denial of his RCr 11.42 motion, he has waived the ineffective assistance of counsel claim presented in that motion unless he can show cause and prejudice to excuse the default. See Ewing v. McMackin, 799 F.2d 1143, 1150-51 (6th Cir.1986). The cause and prejudice requirement may be excused upon a showing of actual innocence. See Murray v. Carrier, 477 U.S. 478, 495-96 (1986). Petitioner does not demonstrate cause and prejudice with respect to his failure to appeal the denial of post-conviction relief, nor has he made a colorable showing of innocence to excuse the cause and prejudice requirement. Consequently, federal consideration of this claim is barred.
 
 
 7
 For these reasons, the motion for appointment of counsel is denied, and the district court's order is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.