932 F.2d 968
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Claude MONDAY, Sr., Petitioner-Appellant,
v.
David L. BAKER, Warden, Respondent-Appellee.
 No. 90-3201.
 United States Court of Appeals, Sixth Circuit.
 May 2, 1991.
 
 1
 Before KRUPANSKY and BOGGS, Circuit Judges, and DUGGAN, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Claude Monday, Sr. moves for the appointment of counsel and for miscellaneous relief on appeal from the dismissal of his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. Following a jury trial, Monday was convicted of six counts of illegal processing of drug documents (forged prescriptions) in the Trumbull County, Ohio, Court of Common Pleas and was given a cumulative 16 to 50 year sentence. Monday's convictions were affirmed by the Ohio Court of Appeals on direct appeal, but his minimum sentence was reduced from 16 to 15 years pursuant to a provision of state law relating to consecutive sentences. The Ohio Supreme Court denied leave to appeal.
 
 
 4
 Next, Monday filed a motion for post-conviction relief in the state trial court alleging, inter alia, that he received ineffective assistance of counsel. The trial court denied the motion. Monday did not appeal this decision.
 
 
 5
 Thereafter, Monday filed his petition for a writ of habeas corpus in the district court again alleging, inter alia, that he received ineffective assistance of counsel. The magistrate recommended that the petition be dismissed, and Monday filed objections. The district court adopted the magistrate's recommendation (with the exception of a nonessential recitation of background facts) and dismissed the petition. This court granted petitioner a certificate of probable cause to appeal.
 
 
 6
 Generally, a habeas petitioner must fully and fairly present each claim to the state courts, up to the highest state court, before the claims will be cognizable in federal habeas corpus. Manning v. Alexander, 912 F.2d 878, 880-81 (6th Cir.1990). "(T)he failure to appeal a state court's denial of a motion for post-conviction relief constitutes a procedural default barring a federal court from reaching the issues raised in such motion absent a demonstration of the cause for and prejudice from such default." Ewing v. McMackin, 799 F.2d 1143, 1150-51 (6th Cir.1986). Here, petitioner procedurally defaulted the claims raised in his state court motion for post-conviction relief due to his failure to appeal the denial of the motion by the state trial court.
 
 
 7
 We conclude that this case should be remanded to the district court for a cause and prejudice analysis in the first instance. The district court did not engage in a cause and prejudice analysis, instead concluding that petitioner failed to exhaust available state court remedies. However, petitioner has defaulted his remaining state court remedies, as has been shown. Moreover, remand to the district court appears appropriate, Murray v. Carrier, 477 U.S. 478, 496-97 (1986); Ewing, 799 F.2d at 1152, and the state has indicated that it agrees that remand to the district court is necessary for a cause and prejudice analysis. Under these circumstances, the case will be remanded to the district court for an evaluation of petitioner's claims in the first instance.
 
 
 8
 Accordingly, petitioner's motions for counsel and for a transcript are denied, the judgment of the district court is vacated pursuant to Rule 9(b)(6), Rules of the Sixth Circuit, and the case is remanded to the district court for further proceedings consistent with this order.
 
 
 
 *
 The Honorable Patrick J. Duggan, U.S. District Judge for the Eastern District of Michigan, sitting by designation