972 F.2d 346
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jackie Lee ATKINS, Petitioner-Appellant,
v.
Michael DUTTON, Respondent-Appellee.
 No. 91-6436.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1992.
 
 1
 Before KEITH and BATCHELDER, Circuit Judges, and HOOD, District Judge.*
 
 ORDER
 
 2
 Jackie Lee Atkins, a Tennessee prisoner, appeals the district court's order denying his motion to alter or amend judgment filed under Fed.R.Civ.P. 59(e). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 A jury convicted Atkins in 1983 of first degree murder. He was sentenced to life imprisonment. The Tennessee Court of Criminal Appeals affirmed his conviction in an opinion filed July 26, 1984, State v. Atkins, 681 S.W.2d 571 (Tenn.Crim.App.1984), cert. denied, 470 U.S. 1028 (1985), and the Tennessee Supreme Court denied leave to appeal. Atkins subsequently filed a petition for post-conviction relief (PCR), raising the issue of ineffective assistance of counsel. The trial court dismissed the petition on May 29, 1986.
 
 
 4
 Atkins's first federal petition for a writ of habeas corpus was dismissed on May 31, 1988, for failure to exhaust state remedies. That petition raised two grounds for relief: (1) denial of due process when the trial court allowed a witness to testify as to his refusal to submit to a polygraph examination, and (2) ineffective assistance of counsel. This court denied a certificate of probable cause to appeal in an order filed September 26, 1989. Atkins v. Livesay, No. 89-5893 (6th Cir. unpubl. order of Sept. 26, 1989).
 
 
 5
 In his present petition, Atkins raises the two grounds for relief brought in his first petition, plus the additional ground of jury tampering. The district court concluded that the jury tampering issue had not been presented to the state courts and that the other claims had not been presented to the highest court of Tennessee. Therefore, it dismissed Atkins's petition without prejudice for lack of exhaustion. Atkins filed a timely motion to alter or amend the judgment, arguing that he only recently learned of the jury tampering and that he has no available remedies left in the state court because of Tennessee's statute of limitations on PCR petitions. The district court denied relief in an order filed September 23, 1991, on the basis that Atkins could argue in state court that the statute of limitations should be waived or tolled. Atkins appealed the order denying his motion to alter or amend judgment, arguing that the district court erred in dismissing his petition for lack of exhaustion.
 
 
 6
 Upon review, we conclude that district court erred in holding that Atkins has not exhausted his state remedies. We therefore affirm the district court's order in part, vacate in part, and remand the case for the district court to conduct a cause and prejudice analysis regarding his jury tampering and ineffective assistance of counsel issues.
 
 
 7
 The state concedes on appeal that Atkins has no remaining remedy in the state courts because the statute of limitations for post-conviction relief expired in Atkins's case on July 1, 1989. See Tenn.Code Ann. § 40-30-102; State v. Masucci, 754 S.W.2d 90 (Tenn.Crim.App.1988). Therefore, the district court erred in dismissing Atkins's petition for failure to exhaust available state court remedies. See Teague v. Lane, 489 U.S. 288, 297-98 (1989). The district court's statement regarding waiver or tolling is purely speculative in light of the mandatory language of the statute. Atkins is not required to file what would most likely be a futile PCR petition. See Tuggle v. Seabold, 806 F.2d 87, 91 (6th Cir.1986).
 
 
 8
 Nonetheless, Atkins is still not permitted to present his issues in federal court unless he can show cause to excuse his failure to present them to the state courts and actual prejudice to his defense at trial or on appeal. See Teague, 489 U.S. at 298-99; Ewing v. McMackin, 799 F.2d 1143, 1148-50 (6th Cir.1986). Atkins did attempt to present a colorable cause and prejudice argument regarding his jury tampering issue in his motion to alter or amend. In addition, he argued that his ineffective assistance of counsel argument was properly presented to the state courts. Because the district court did not address these arguments, we must vacate its order as to those two issues and remand the case so that the district court may apply a cause and prejudice analysis to them. Remand for this analysis is appropriate in this case in light of the limited record before this court. See Ewing, 799 F.2d at 1152.
 
 
 9
 Atkins concedes that he did not present the due process aspect of his polygraph issue to the state courts, and he does not attempt to show cause and prejudice for this procedural default. Consequently, we affirm the district court's order as to that issue.
 
 
 10
 Accordingly, the district court's order denying the motion to alter or amend judgment is affirmed as to the polygraph issue. The order is vacated, however, as to the jury tampering and ineffective assistance of counsel issues and the case is remanded for the district court to determine whether Atkins can show cause and prejudice regarding his procedural default. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph M. Hood, U.S. District Judge for the Eastern District of Kentucky, sitting by designation