Herbert EGGERSON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 27, 1983.

Discretionary Review Denied Oct. 5, 1983.

Jack Emory Farley, Public Advocate, Frankfort, for appellant; Jim M. Alexander, Lexington, of counsel.

Steven L. Beshear, Atty. Gen., William Davis, Asst. Atty. Gen., Frankfort, for appellee.

Before HAYES, C.J., and McDONALD and MILLER, JJ.

HAYES, Chief Judge:

This is an appeal from an order of the Fayette Circuit Court overruling appellant's RCr 11.42 motion to vacate judgment.

Appellant was convicted in the Fayette Circuit Court of second-degree burglary, and two (2) counts of receiving stolen property. In a bifurcated proceeding, he was subsequently convicted of being a persistent felony offender in the first degree, and his penalty on the primary convictions was enhanced to a total of fifteen (15) years. Appellant's direct appeal from this conviction was affirmed by this court on October 23, 1981. In that direct appeal, appellant attacked his conviction as a persistent felony offender, and this court rejected appellant's arguments and affirmed the conviction.

■ Appellant then filed an RCr 11.42 motion to vacate judgment in which he continued his attack upon the persistent felony offender conviction. The proper place for such attack is upon direct appeal, which appellant pursued and this court rejected. The fact that appellant changed weapons in his motion to vacate does not make that procedure the proper place for reconsideration of an issue already finally decided by this court. *Bronston v. Commonwealth*, Ky., 481 S.W.2d 666 (1972). Therefore, we will not in this case again consider the merits of the persistent felony offender conviction. *Cf. Alvey v. Commonwealth*, Ky., 648 S.W.2d 858 (1983); *Gross v. Commonwealth*, Ky., 648 S.W.2d 853 (1983).

Appellant's only other issue in this appeal is his allegation that he failed to receive the effective assistance of counsel in his original trial. Appellant bases his argument on the ground that his trial counsel failed to object to the utilization of a 1978 conviction during the persistent felony offender phase of his trial. He then amplifies this alleged error by pointing out that trial counsel as much as admitted the 1978 conviction in his attempt to persuade the jury to disregard a 1961 conviction and find the appellant guilty of being only a second-degree persistent felony offender. Appellant then argues that his trial counsel failed to object to the reading of the indictments during the persistent felony offender trial.

■ The standard against which trial counsel's action must be measured was stated by the Supreme Court of Kentucky in *Henderson v. Commonwealth*, Ky., 636 S.W.2d 648 (1982). That standard is "that the assistance of counsel required under the Sixth Amendment is counsel reasonably likely to render and rendering reasonably effective assistance." A review of this record fails to suggest that counsel did not render "reasonably effective assistance" in his representation of appellant. There is no indication made, and no suggestion in this entire record, that appellant apprised his counsel that his 1978 guilty plea conviction was somehow invalid. Appellant relies on a finding by the Bourbon Circuit Court pursuant to a post-conviction motion that the 1978 guilty plea conviction failed to comply with the standards of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274

(1969). However, the Fayette Circuit Court did not accept such finding. Regardless, we do not believe that counsel's failure to object to a guilty plea conviction which on its face was perfectly valid, and to which there is no indication that he was apprised by appellant that the guilty plea was involuntary or otherwise improper, renders his assistance less than reasonable. *Meadows v. Commonwealth*, Ky., 550 S.W.2d 511 (1977).

In the Commonwealth's opening statement to the jury for the persistent felony offender trial, the Commonwealth Attorney stated as follows:

> The indictment reads that in Clark County that Herbert Eggerson and John Collins did unlawfully, willingly, and feloniously break and enter the dwelling house of William Dudley and Elizabeth Dudley with intent to steal therefrom and did take and steal therefrom property of value.

He then stated with regard to the second indictment as follows:

> It reads that on or about the 21st day of November 1977, the defendant committed the crime of burglary in the third degree and that he knowingly entered or remained unlawfully in a building owned or occupied by Wayne Campbell, Route 2, Spears Mill Road, Paris, Kentucky, with intent to commit a crime.

Appellant now argues that trial counsel's failure to object to the reading of the indictment rendered his assistance ineffective. We disagree.

■ The prosecutor in this case did no more than point out the nature of the crime simply to facilitate an adequate understanding of the prior conviction by the jury. The indictment was not read in such a way as to have been calculated to prejudice the jury, or otherwise incite them unfairly. *Berning v. Commonwealth*, Ky., 565 S.W.2d 443 (1978); *Robinson v. Commonwealth*, Ky.App., 572 S.W.2d 606 (1978).

The order overruling appellant's motion to vacate judgment is affirmed.

McDONALD, J., concurs.

MILLER, J., dissents.

MILLER, Judge, dissenting:

I respectfully dissent from the majority opinion. Appellant, Herbert Eggerson, brings this appeal in his struggle to be free from a persistent felony offender conviction under KRS 532.080. The Offices of Public Advocacy and Attorney General have briefed several issues succinctly and somewhat heatedly. The record presents one significant issue which merits the attention of this court. On December 16, 1980, appellant was convicted by a jury in the Fayette Circuit Court of second-degree burglary and two counts of receiving stolen property. The jury fixed his punishment at sentences of six (6) years, three (3) years, and twelve (12) months (misdemeanor) respectively. At the same instance, in a bifurcated proceeding, he was adjudged a persistent felony offender in the first degree, whereupon the same jury enhanced the previous two felony sentences to fifteen (15) years and thirteen (13) years respectively. On January 18, 1981, the Fayette Circuit Court entered a judgment and sentence of imprisonment, with the sentences to run concurrently for a total of fifteen (15) years.

As a basis for the persistent felony offender conviction, the state used two "priors", a 1961 Clark County conviction and a 1978 Bourbon County conviction, both having to do with theft. Appellant took an appeal from the persistent felony offender conviction and this court affirmed in an opinion dated October 23, 1981. The appeal primarily questioned the validity of the 1961 Clark Circuit Court conviction, used as a prior, in that the record had insufficient evidence of appellant's age at the time of the offense. Being under eighteen (18) would have eliminated the offense as a basis for persistent felony offender prosecution. KRS 520.080(2)(b). The validity of the 1978 Bourbon County conviction was not assailed. Thereafter, appellant began proceedings in the Fayette Circuit Court under RCr 11.42 and CR 60.02 alleging multiple grounds for invalidating his persistent

felony offender conviction. Likewise he proceeded in the Bourbon Circuit Court attacking the 1978 conviction. The obvious purpose of these collateral proceedings was to "knock the props from under" the Fayette County persistent felony offender conviction of December 28, 1981, since a recidivist conviction cannot rest upon a prior conviction unlawfully obtained. *See Ingram v. Wingo*, 320 F.Supp. 1032 (E.D.Ky. 1971).

On August 12, 1982, in his proceedings in Bourbon Circuit Court, a "Findings of Fact, Conclusions of Law and Order" was entered wherein the Court found the 1978 conviction was constitutionally deficient in not meeting the requirements of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The Bourbon Circuit Court went on to say the appellant was entitled to "some relief", but the Bourbon Court was not the proper forum. It is arguable that the Bourbon Circuit Court, being one of general jurisdiction, could have granted relief. RCr 11.42. The appellant was or most assuredly would suffer confinement, albeit indirectly, because of the unconstitutional conviction in that court. It was the 1978 conviction that formed an indispensable basis for his persistent felony offender confinement out of the Fayette Circuit Court. However, we need not decide this matter, for the Findings of Fact, Conclusions of Law and Order of the Bourbon Circuit Court were brought directly to Fayette Circuit Court for consideration on the CR 60.02 motion. I would hold that the Fayette Circuit Court, especially since it made no findings of its own, was bound by the Bourbon Court's decision holding the Bourbon conviction constitutionally defective. The doctrine of *res judicata* and collateral estoppel demand such. This doctrine is applicable in criminal as well as civil cases. 21 Am.Jur.2d *Judgments* § 49. The 1978 Bourbon conviction having been declared invalid can neither be used to support a conviction or enhance punishment. *See Burgett v. State of Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967).

The Commonwealth argues that *Ray v. Commonwealth*, Ky.App., 633 S.W.2d 71 (1982), forbids relief in this case. *Ray* was a case where an attack was made upon a twelve (12) year old conviction under CR 60.02 in an effort to strike the underpinning of a persistent felony offender conviction. This court held the CR 60.02 proceeding to be "out of time". In the case at hand, appellant Eggerson made timely application to the Bourbon Circuit Court to void the 1978 conviction. His delay was little more than two years. Assuming the passage of time can bar relief from a constitutionally unsound, and thus void, conviction as suggested in *Ray*, it has no application in this case. Two years, while appellant was engrossed in litigation elsewhere relating to the same purpose, cannot be deemed an inordinate delay. In fact, appellant has been unceasing in his assault upon his conviction.

For the foregoing reasons, I would reverse the order of the Fayette Circuit Court with directions to enter an order vacating the persistent felony offender conviction first degree and remand for resentencing.