837 F.2d 475
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Herbert EGGERSON, Petitioner-Appellant,
v.
William SEABOLD, Superintendent, Respondent-Appellee.
 No. 85-5425.
 United States Court of Appeals, Sixth Circuit.
 Jan. 19, 1988.
 
 Before KEITH, MILBURN and DAVID A. NELSON, Circuit Judges.
 MILBURN, Circuit Judge.
 
 
 1
 Petitioner-appellant Herbert Eggerson appeals the district court's dismissal of his application for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. For the reasons that follow, we reverse and remand the case to the district court for consideration of whether petitioner has been unjustly convicted of being a persistent felony offender under the law of the State of Kentucky. Murray v. Carrier, 106 S.Ct. 2639 (1986).
 
 I.
 
 2
 On December 16, 1980, petitioner was convicted by a jury in Fayette County, Kentucky, Circuit Court of second-degree burglary and two counts of receiving stolen property. He was sentenced to six years, three years, and twelve months (a misdemeanor), respectively. Following this conviction, in a bifurcated proceeding, he was also convicted of being a persistent felony offender ("PFO") in the first degree.[1] As a result of his PFO conviction, his sentence on the two felony sentences was increased to fifteen years and thirteen years. These sentences were to run concurrently for a total of fifteen years.
 
 
 3
 Petitioner's PFO conviction was based on two prior convictions: (1) a 1961 Clark County, Kentucky, Circuit Court conviction for breaking and entering; and (2) a 1978 Bourbon County, Kentucky, Circuit Court conviction for third-degree burglary. When convicted as a PFO in Fayette County Circuit Court, he directly appealed to the Kentucky Court of Appeals. In that appeal, he argued that there was insufficient evidence to convict on the PFO charge because at the time of the commission of the offense resulting in the 1961 Clark County Circuit Court conviction, he was under the age of eighteen.[2] Petitioner's counsel expressly conceded the validity of the 1978 Bourbon County Circuit Court conviction, and, consequently, the Kentucky Court of Appeals did not review that conviction.
 
 
 4
 The Kentucky Court of Appeals concluded that there was sufficient evidence presented for the jury to find that petitioner was eighteen at the time the 1961 Clark County Circuit Court offense was committed and thus affirmed the conviction. The Kentucky Supreme Court denied review on March 2, 1982.
 
 
 5
 Petitioner thereafter continued his attack of his PFO conviction on two fronts. First, he filed a motion to set aside the 1978 Bourbon County Circuit Court conviction in the Bourbon County Circuit Court under Kentucky Rule of Civil Procedure (CR.) 60.02. As stated above, he did not challenge that conviction in the PFO proceedings or on direct appeal of his PFO conviction. He also filed a motion in the Fayette County Circuit Court to set aside or vacate his PFO conviction. See CR. 60.02; Kentucky RUle of Criminal Procedure (RCr.) 11.42.
 
 
 6
 Before the Fayette County Circuit Court had an opportunity to rule on petitioner's motion, the Bourbon County Circuit Court, by order dated August 12, 1982, granted petitioner's CR. 60.02 motion to set aside the 1978 Bourbon County Circuit Court conviction. That conviction was the result of a guilty plea, and the Bourbon County Circuit Court evidently reviewed the transcript of the entry of the plea and concluded that the plea was taken in violation of Boykin v. Alabama, 395 U.S. 238 (1969).[3] J.A. at 129, 130.
 
 
 7
 With renewed vigor, petitioner pressed the Fayette County Circuit Court to enter judgment vacating his PFO conviction on the basis of the perceived invalidity of the 1978 Bourbon County Circuit Court conviction. The Fayette County Circuit Court, however, rejected what it viewed as petitioner's belated challenge of the 1978 conviction, and pointed out that the 1978 conviction was not challenged in either the PFO proceedings before it or on appeal. Thus, the Fayette County Circuit Court found petitioner was procedurally barred from collaterally attacking the PFO conviction on that basis.
 
 
 8
 As a ground for relief in the Fayette County Circuit Court, petitioner also raised an issue concerning the alleged ineffective assistance of his counsel. He argued that his counsel in the PFO proceedings should have discovered the Boykin problem with the 1978 Bourbon County Circuit Court conviction. The Fayette County Circuit Court rejected this argument as well, finding petitioner culpable in failing to disclose this problem to his counsel.
 
 
 9
 Petitioner then appealed to the Kentucky Court of Appeals. On appeal, petitioner argued that his PFO conviction should be vacated under RCr. 11.42 because the 1978 conviction forming the basis of the PFO was constitutionally invalid. Petitioner attempted to excuse his failure to directly challenge the 1978 conviction by pointing to counsel incompetence. Eggerson v. Commonwealth, 656 S.W.2d 744 (Ky.App.1983). The Kentucky Court of Appeals declined to hear petitioner's arguments as to the validity of the 1978 conviction, finding that "[t]he proper place for such attack is upon direct appeal, which [petitioner] pursued and this court rejected." Id. at 745. (citing Bronston v. Commonwealth, 481 S.W.2d 666 (Ky.1972)).
 
 
 10
 Turning to petitioner's claim that his counsel was ineffective, the Kentucky Court of Appeals found no deficiency in petitioner's counsel's failure to attack the 1978 Bourbon County Circuit Court conviction on direct appeal of the PFO:
 
 
 11
 [W]e do not believe that counsel's failure to object to a guilty plea conviction which on its face was perfectly valid, and to which there is no indication that he was apprised by [petitioner] that the guilty plea was involuntary or otherwise improper, renders his assistance less than reasonable.
 
 
 12
 Id. at 746. The Kentucky Supreme Court denied review.
 
 
 13
 Petitioner then filed his petition for a writ of habeas corpus in the district court under 28 U.S.C. Sec. 2254. In his petition, he argued that his PFO conviction was obtained in violation of the Fourteenth Amendment's due process clause in that the 1978 Bourbon County Circuit Court conviction, the validity of which was a prerequiste of his PFO, was obtained in violation of Boykin. He also argued that his procedural default on this arguement in the Kentucky state courts was caused by his counsel's ineffectiveness in neglecting to research the validity of his prior conviction, see Wainwright v. Sykes, 433 U.S. 72 (1977), and that consequently, the district court was empowered to consider the merits of his claim.
 
 
 14
 The district court denied petitioner's application, finding that a procedural default had occurred in the state courts since petitioner failed to challenge the 1978 conviction directly and thus was precluded from doing so collaterally. Further, the district court held that petitioner had failed to show cause under the "cause and prejudice" test of Wainwright, 443 U.S. 72, for his procedural default. The district court agreed with the Kentucky Court of Appeals that petitioner's counsel had not been constitutionally ineffective. This appeal followed.
 
 II.
 A.
 
 15
 The respondent argues that petitioner's failure to comply with the Kentucky procedural rule that prior convictions forming the basis of a PFO charge must be challenged in the PFO proceedings or on direct appeal, if at all, precludes us from hearing the merits of petitioner's argument. The respondent asserts that unless petitioner can show cause for his noncompliance and actual prejudice as a result, this court must defer to the state's procedural rule.
 
 
 16
 In Fay v. Noia, 372 U.S. 391 (1963), the Supreme Court held that where a habeas petitioner is procedurally barred from presenting a claim in the state courts because of a failure to follow some state procedural rule, the federal habeas court may defer to the state rule and also decline to address the merits of the claim. Id. at 399. However, Fay also made it clear that the federal court has the power to look beyond the state procedural forfeiture and entertain the petitioner's claim. Id. at 398-99. Nonetheless, the Court indicated that in certain cases, as a matter of policy, the federal court should defer to the state rule as an adequate and independent state law ground for the decision. Hence, the Court held in Fay that as a matter of comity, federal courts may exercise their discretion to decline collateral review "to an applicant who has deliberately by-passed the orderly procedure of the state courts and in so doing has forfeited his state court remedies." Fay, 372 U.S. at 438 (emphasis supplied).
 
 
 17
 In Wainwright, the Court expanded the occasions when a federal court should decline collateral review of a claim on which a habeas petitioner has procedurally defaulted in the state court. The Court found that the "deliberate by-pass" standard enunciated in Fay did not give sufficient "respect" to the state procedural rule at issue. Id. at 88. Consequently, the Court held that a federal habeas petitioner, who has failed to comply with a state rule of procedure so as to be barred from presenting his claim in state court, must show "cause for the noncompliance and actual prejudice resulting from the alleged constitutional violation." Id. at 84. The Court reasoned that withholding its power to collaterally review claims except in such cases serves "considerations of comity and concerns for the orderly administration of criminal justice." Id. (quoting Francis v. Henderson, 425 U.S. 536, 538-39 (1976)). See also Murray, 106 S.Ct. at 2644-45. While Wainwright arose in the context of a state contemporaneous objection rule, its holding has been extended to various state procedural rules that bar petitioners' claims in the state courts. See Maupin v. Smith, 785 F.2d 135 (6th Cir.1986).
 
 
 18
 In the present case, the petitioner has procedurally defaulted on his challenge of the 1978 Bourbon County Circuit Court conviction. Kentucky requires that the prior convictions forming the basis of a PFO conviction must be challenged directly, either in the PFO proceedings or on appeal. See Eggerson v. Commonwealth, 656 S.W.2d at 745. The Supreme Court has held that the cause and prejudice test applies to procedural defaults occurring on appeal. Reed v. Ross, 468 U.S. 1, 11 (1984).
 
 
 19
 We conclude that the district court properly viewed petitioner's claim as subject to the Wainwright analysis. First, as noted, the procedural rule challenged by petitioner is one firmly established as the law of Kentucky. In Maupin, 785 F.2d at 138, we held that prior to applying the Wainwright cause and prejudice test, a "court must determine that there is a state procedural rule that is applicable to the petitioner's claim, and that the petitioner failed to comply with the rule." We find such a rule and noncompliance therewith in the present case.
 
 
 20
 Second, the state's rule has actually been applied to the petitioner. We also noted in Maupin that the cause and prejudice test applies where "the state courts actually enforced the state procedural sanction." Id. In the present case, the state did enforce its procedural default rule, refusing to hear the merits of petitioner's arguments. Thus, we view this case as within the Wainwright analysis.
 
 
 21
 In Murray v. Carrier, 106 S.Ct. 2369 (1986), the Court discussed the requirements necessary to support a showing of cause and prejudice. Murray involved a habeas petitioner who was convicted of rape. By pretrial motion, petitioner's counsel moved for discovery of all statements made by the rape victim. The trial judge, however, reviewing the statements in camera, found that the victim's statements contained no exculpatory material and therefore denied petitioner's discovery motion. After conviction, petitioner's counsel appealed to the state appellate court but failed to raise the discovery issue. Petitioner's conviction was affirmed, and petitioner then filed a pro se state habeas corpus petition claiming denial of due process in that discovery was not allowed. The state habeas petition, however, was dismissed due to a state procedural rule preventing petitioner from presenting a claim for state habeas review which was not raised on direct appeal.
 
 
 22
 Petitioner then filed a pro se petition for a writ of habeas corpus in federal court. The state sought dismissal under Wainwright. Petitioner argued in response that his counsel's inadvertent failure to comply with the state procedural rule amounted to cause under Wainwright for noncompliance. This argument was rejected by the federal district court, accepted by the Fourth Circuit Court of Appeals, but again rejected by the United States Supreme Court. The Supreme Court found that: "[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." Murray, 106 S.Ct. at 2645.
 
 
 23
 The Supreme Court held that refusing to collaterally review in cases of counsel inadvertence obviously detriments a habeas petitioner but is necessary, in light of the costs of reviewing claims on which the petitioner has defaulted in state courts. Id.
 
 
 24
 Those costs, which include a reduction in the finality of litigation and the frustration of 'both the States' sovereign power to punish offenders and their good-faith attempts to honor constitutional rights,' are heightened in several respects when a trial default occurs: the default deprives the trial court of an opportunity to correct any error without retrial, detracts from the importance of the trial itself, gives state appellate courts no chance to review trial errors, and 'exacts an extra charge by undercutting the State's ability to enforce its procedural rules.'
 
 
 25
 Id. at 2645 (quoting Engle v. Isaac, 456 U.S. 107, 128, 129 (1982) (citations omitted)).
 
 
 26
 In Murray, the Supreme Court identified at least three "impediments to compliance" with state procedural rules that would constitute "cause" under the Wainwright standard. Murray, 106 S.Ct. at 2646. First, the Court found that a showing by petitioner "that the factual or legal basis for a claim was not reasonably available to counsel" would satisfy the cause requirement. Id. (citing Reed, 468 U.S. at 16). Second, the Court stated that if there was "some interference by officials," the cause requirement would be satisfied. Id. (citing Brown v. Allen, 344 U.S. 443 (1953)).
 
 
 27
 Third, the Court found that procedural default may be excused if the petitioner's counsel was constitutionally ineffective. Id. at 2645-46. The Court stated that the standard in such a case is not simply inadvertence or neglect but whether counsel's performance was constitutionally deficient under the standard adopted in Strickland v. Washington, 466 U.S. 668 (1984).[4] Further, the Supreme Court found "no inequity in requiring [petitioner] to bear the risk of attorney error that results in a procedural default." Id. at 2646. However, as stated above, constitutionally ineffective assistance of counsel would amount to cause under the Supreme Court's decision in Murray. Id.
 
 
 28
 In the present case, petitioner does not allege "that the factual or legal basis for [his] claim was not reasonably available to counsel." Murray, 106 S.Ct. at 2646. Neither does the petitioner claim that some official interference occurred which constitutes cause for his procedural default. Id. However, the petitioner does argue that his counsel's failure to challenge the 1978 Bourbon County Circuit Court conviction on direct appeal or by pretrial motion in his PFO proceeding amounted to ineffective assistance of counsel.
 
 
 29
 In support of his argument that counsel was ineffective, petitioner relies on Canary v. Bland, 583 F.2d 887 (6th Cir.1978). In Canary, the petitioner claimed his PFO conviction violated his due process rights in that one of the prior convictions used to find him guilty of the PFO, a 1968 conviction, was invalid. The petitioner argued that the court entering his 1968 conviction lacked jurisdiction because the action had been improperly transferred from a juvenile court. The petitioner's counsel, however, had failed to attack the 1968 conviction in the PFO proceedings, and, under the same Kentucky rule involved in the present case, the state court refused to address petitioner's arguments on collateral attack.
 
 
 30
 This court, ruling on petitioner's application for a writ of habeas corpus, found his counsel's failure to attack the prior conviction amounted to ineffective assistance of counsel. Consequently, we concluded that the petitioner had shown cause for not complying with the Kentucky procedural rule. Id. at 891.
 
 
 31
 [C]ounsel in the [PFO] proceedings was obliged to bring the infirmities in the 1968 proceedings to the attention of the court in the recidivist prosecution or, at the latest, on appeal from the habitual criminal conviction. [Petitioner] was represented in [the PFO proceedings] by the public defender's office, an organization which may be presumed to have particular competence in the area of criminal law. The deficiencies in the transfer proceedings were manifest from the face of the juvenile court order. We conclude that it was a denial of the Sixth Amendment right to counsel as defined in Beasley v. United States, 491 F.2d 687 (6th Cir.1974), to fail to challenge use of the 1968 felony conviction as a basis for the ... habitual criminal charge.
 
 
 32
 Id.
 
 
 33
 In the present case, petitioner argues that Canary requires a finding of cause in that his counsel failed to attack the 1978 conviction. We conclude, however, that Canary is not controlling in the present case. First, the prior conviction challenged here, unlike the one in Canary, was not facially invalid. There was nothing from face of the judgment of the 1978 Bourbon County Circuit Court which should have alerted petitioner's counsel to the fact that the conviction might be invalid. Moreover, if the petitioner claims his guilty plea was involuntarily taken, his failure to make his counsel aware of this fact cannot amount to neglect on the part of his counsel. Hence, we find this distinction to be significant.
 
 
 34
 Second, we note that since the time of the Canary decision, the standard employed for determining effective assistance of counsel referred to by this court in Canary, has been superseded by Strickland. In Strickland, the Supreme Court made clear that adequate counsel is provided where "counsel's assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688.
 
 
 35
 We hold that petitioner's counsel's conduct in the present case is more closely akin to that found not to be constitutionally deficient by this court in Flippins v. United States, 808 F.2d 16 (6th Cir.), cert. denied, 107 S.Ct. 2197 (1987). In Flippins, the petitioner argued that his counsel's failure to investigate the circumstances of a conviction underlying a PFO charge constituted ineffective assistance of counsel. The conviction appeared valid on its face, and the petitioner never raised with counsel an issue as to its validity. We held that petitioner's counsel's mere failure to investigate the circumstances of a conviction underlying a PFO charge does not violate the Supreme Court's standards, enunciated in Strickland, regarding effective assistance of counsel. Id. at 19. See also Wesselman v. Seabold, No. 86-5397 (6th Cir. filed Nov. 20, 1987).
 
 
 36
 In the present case, we conclude that counsel's conduct meets the constitutional standard. Accordingly, the petitioner has failed to show cause for his noncompliance with Kentucky's procedural rule requiring direct challenge of a PFO conviction.
 
 
 37
 Another aspect of the Supreme Court's decision in Murray which bears on this case is its conclusion that the cause and prejudice test works "in the conjunctive." Murray, 106 S.Ct. at 2650 (quoting Engle, 456 U.S. at 134 n. 43). Murray makes clear that if a petitioner cannot make a showing that there is cause for his failure to comply with the state procedural rule applied, no analysis is necessary of whether actual prejudice exists. In other words, the two components of the cause and prejudice test work independently, and a petitioner is required to satisfy both. Id. Hence, given our conclusion that the petitioner has failed to show cause under Murray, an analysis of whether actual prejudice exists is unnecessary.
 
 B.
 
 38
 Our conclusion that petitioner has failed to show cause of his noncompliance with Kentucky's procedural rule does not, however, end our inquiry. In Murray, the Supreme Court found that in certain "extraordinary case[s]" the federal habeas court may overlook the state procedural bar and address the merits of the petitioner's claim. Because we find this case may fall into this exception to the cause and prejudice test, we remand to the district court.
 
 
 39
 The Court in Murray was "confident that, for the most part, 'victims of a fundamental miscarriage of justice will meet the cause-and-prejudice standard.' " 106 S.Ct. at 2650 (quoting Engle, 456 U.S. at 135). Yet the Court, apparently troubled to some extent by the possibility that an innocent petitioner might not meet the cause and prejudice test, stated that in some cases the cause and prejudice approach may be abandoned. The Court noted:
 
 
 40
 [W]e think that in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.
 
 
 41
 Murray, 106 S.Ct. at 2650. This exception to the cause and prejudice standard applies only where a person is actually innocent and yet cannot overcome the cause and prejudice showing. In such cases, "the principles of comity and finality" must "yield to the imperative of correcting a fundamentally unjust incarceration." Engle, 456 U.S. at 135.
 
 
 42
 In Ewing v. McMackin, 799 F.2d 1143 (6th Cir.1986), this court briefly discussed the "fundamentally unjust incarceration" exception to the cause and prejudice standard. See W. LaFave & J. Israel, Criminal Procedure Sec. 27.4(g) (1987 Supp.). In Ewing, petitioner had failed to comply with a state procedural rule and thus was barred from pursuing his claim in state court. We affirmed the district court, which held that the petitioner had not established cause and prejudice arising from his procedural default. Id. at 1144.
 
 
 43
 Nonetheless, we recognized that under Murray the interest underlying the cause and prejudice test " 'must yield to the imperative of correcting a fundamentally unjust incarceration.' " Ewing, 799 F.2d at 1152 (quoting Murray, 106 S.Ct. at 2650). This court recognized its duty to distinguish "actual" from "legal" innocence in determining "whether 'refusal to consider the defaulted claim on federal habeas carries with it the risk of a manifest miscarriage of justice.' " Id. (quoting Smith v. Murray, 106 S.Ct. 2661, 2668 (1984)). In Ewing, however, we were of the view that the record before us was insufficient to evaluate the extent to which petitioner could claim actual, as opposed to legal, innocence. Accordingly, we remanded the petitioner's case to the district court.
 
 
 44
 In the present case, the district court did not consider Murray's exception to the Wainwright cause and prejudice test. Hence, no record has been developed as to petitioner's actual innocence with respect to being a persistent felony offender under the law of the State of Kentucky. A PFO conviction in the first degree in Kentucky requires two valid prior convictions. See Burgett v. Texas, 389 U.S. 109 (1967); Wang v. Withworth, 811 F.2d 952 (6th Cir.), cert. denied, 107 S.Ct. 2185 (1987); Sizemore v. District Court, 50th Judicial Dist., 735 F.2d 204, 206 (6th Cir.1984) ("It is inherently prejudicial to admit a constitutionally infirm plea against a defendant at a subsequent trial on a new offense."); Loneberger v. Jago, 651 F.2d 447 (6th Cir.1981) (holding that admission into evidence of a conviction obtained in violation of Boykin is inherently prejudicial), rev'd on other grounds sub nom. Marshall v. Loneberger, 459 U.S. 422 (1983). Hence, if in point of fact the 1978 conviction is invalid, the petitioner may be able to show actual inncoence as to his PFO conviction since there would remain only one valid prior conviction. However, as we do not have the record of petitioner's 1978 Bourbon County Circuit Court conviction before us, we are unable to consider the merits of petitioner's arguments.
 
 III.
 
 45
 Accordingly, for the reasons stated, we REVERSE the judgment of the district court and REMAND the case to the district court for consideration under the "fundamentally unjust incarceration" exception to the cause and prejudice test under Murray v. Carrier, 106 S.Ct. 2639 (1986). In remanding this case, we intimate no opinion as to the merits of petitioner's claims or the eventual outcome of this case.
 
 
 46
 DAVID A. NELSON, Circuit Judge, concurring.
 
 
 47
 Although I concur in the judgment and in Judge Milburn's carefully written opinion, I write separately to say that but for prior Sixth Circuit case law (including Sizemore v. District Court, 50th Judicial Dist., 735 F.2d 204 (6th Cir.1984)), I would see little reason for thinking that Petitioner might have been "actually innocent" of being a persistent felony offender at the time of his PFO conviction in 1980.
 
 
 48
 The predicate offense in question was a burglary for which Petitioner was convicted on a plea of guilty in 1978. Petitioner has never suggested that he did not, in fact, commit the burglary, as his own lawyers seem to have believed he did. At the time of his PFO conviction in 1980, when the 1978 burglary conviction was two years old, it was literally true that Petitioner had "been convicted of two (2) or more felonies;" Petitioner would thus seem to have come squarely within the terms of the PFO statute, Ky.Rev.Stat. Sec. 532.080(3). If there was a problem with the 1978 conviction, the problem was not that Petitioner ought not to have been convicted; the problem, if any, was that the Bourbon County Circuit Court, which accepted the guilty plea, ought to have done more than it did to make sure that the plea was entered intelligently and voluntarily.
 
 
 49
 The common sense reading of this situation, it seems to me, is that Petitioner's 1978 burglary conviction may have been voidable in 1980, but it ought not be viewed, for present purposes, as having been void ab initio. The fact that Petitioner's counsel conceded the validity of the 1978 conviction when the PFO conviction was appealed does nothing, I must say, to diminish my sense that Petitioner was, in fact, guilty of being a persistent felony offender, just as he was actually guilty of the 1978 burglary. Nonetheless, I am persuaded that the precedents cited in Judge Milburn's opinion compel us to remand the case.
 
 
 
 [1]
 Ky. Rev. Stat. Sec. 532.080(3) (Michie/Bobbs-Merrill 1985) provides:
 A persistent felony offender in the first degree is a person who is more than twenty-one (21) years of age and who stands convicted of a felony after having been convicted of two (2) or more felonies.
 Under this statute, the determination of whether an individual is a persistent felony offender is to be made in a separate proceeding from the proceeding which resulted in that person's most recent conviction. Ky. Rev. Stat. Sec. 532.080(1). The Kentucky courts have held that "[e]ach element of the offense of being a persistent felony offender must be proven, beyond a reasonable doubt, by direct evidence." Callison v. Commonwealth, 706 S.W.2d 434, 437 (Ky.App.1986).
 
 
 [2]
 The Kentucky PFO statute provides that a "previous felony conviction" is one where "the offender was over the age of eighteen (18) years at the time the offense was committed." Ky. Rev. Stat. Sec. 532.080(3)(b)
 
 
 [3]
 Boykin requires that when a guilty plea is taken the court must ensure, on the record, that the plea is intelligently and voluntarily entered. Boykin, 395 U.S. at 244. Because the record of petitioner's 1978 Bourbon County Circuit Court guilty plea is not before us in the present case, it is impossible for us to discern the nature of the Boykin problem identified by the Bourbon County Circuit Court. In its decision, the Bourbon County Circuit Court stated, "[i]t ... is the opinion of this Court that the record made at the entry of defendant's guilty plea speaks for itself. It shows a deficiency in the reqauirements of [Boykin]." J.A. at 130
 
 
 [4]
 In Strickland, the Supreme Court held that a claim of ineffective assistance of counsel requires:
 First, [that] the defendant ... show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.
 Id. at 687.